DECISION AND JUDGMENT ENTRY
{¶ 1} Beryl E. Elliott appeals the judgment entry entered by the Ross County Court of Common Pleas. He argues that the trial court erred in determining the value of Westside Ceramic Vinyl Tile ("Westside Ceramic"), which the parties owned. Because we find that the trial court did not abuse its discretion in believing the testimony of one expert over the other, we disagree. He also argues that the trial court erred in finding that a savings account was his property instead of property of the business. Because Beryl failed to object to this finding by the Magistrate, he has waived this argument. Bessie R. Elliott cross-appeals and asserts that the trial court's division of marital debt was neither equal nor equitable. We are unable to address this issue because the trial court did not support its conclusion with adequate written findings of fact as required by R.C. 3105.171. Thus, we sustain Bessie's assignment of error without issuing any opinion as to whether the trial court properly allocated the marital debt. Accordingly, we affirm in part and reverse in part the judgment of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion.
 I. {¶ 2} The parties married in 1968. In August 1999, Bessie filed a complaint for divorce. Beryl filed an answer seeking dismissal of Bessie's complaint and a cross-complaint for divorce.
 {¶ 3} After a hearing on temporary spousal support and allocation of marital debts, the magistrate ordered Beryl to pay temporary spousal support to Bessie in a fifty-dollar cash payment and payment of the Clinton Road residence mortgage. The magistrate also ordered Bessie to pay the "Lazarus, Penney's, MasterCard, VISA, First Card, Sears, Chase and Elder-Beerman debts during the pendency of this action" and ordered Beryl to pay the "Bank One VISA, Associate's VISA, Mellon Bank VISA, Dr. Chen, and all mortgages owed on the rental properties during the pendency of this action."
 {¶ 4} In December 2000, the trial court entered a decree of divorce. The trial court adopted the parties' partial agreement regarding the division of marital property. The only remaining issues were the division of the remainder of marital property and allocation of the marital debt.
 {¶ 5} In June 2001, the magistrate issued a decision dividing the remainder of the marital property and the marital debts. In so doing, the magistrate made findings of fact, including that Westside Ceramic, a sole proprietorship owned by Beryl, was worth fifty-three thousand three hundred dollars. Additionally, the magistrate attributed Beryl's account at Oak Hill Bank to the value of marital property rather than to the value of Westside Ceramic. The magistrate ordered the parties to pay the debts as previously ordered.
 {¶ 6} Beryl filed objections. He asserted that the magistrate erred in its valuation of Westside Ceramic. He did not object to the classification of the Oak Hill Bank account as marital property.
 {¶ 7} Bessie also filed objections and asserted, among other things, that the allocation of debts was not equal or equitable as required by R.C. 3105.171 because proceeds from the sale of the parties' real estate had been used to pay off the "Dr. Chen" debt.
 {¶ 8} In March 2002, the trial court overruled the parties' objections to the magistrate's decision.[1] Beryl appealed and asserted two assignments of error: "I. The trial court erred in determining that the value of [Westside Ceramic] is fifty-three thousand three hundred dollars ($53,300). II. The trial court erred in attributing the eight-thousand nine hundred twenty-six dollar ($8926.00) Oak Hill Bank Account to [Beryl] instead of including the account in the valuation of [Westside Ceramic]." Bessie also appealed and asserted a single assignment of error: "The trial court's allocation of marital debt was neither equal nor equitable and was therefore an abuse of discretion." We consolidated the appeals for all purposes.
 II. {¶ 9} In his first assignment of error, Beryl argues that the trial court erred in valuing his business. He argues that the trial court should have believed his expert's valuation of the business rather than the valuation by Bessie's expert, Steve Dawes. He asserts that the trial court should not have believed Dawes because he admitted during cross-examination that he made at least fifteen mistakes in his valuation.
 {¶ 10} We review a property division in a divorce proceeding to determine whether the trial court abused its discretion. Booth v. Booth
(1989), 44 Ohio St.3d 142, 143; Martin v. Martin (1985), 18 Ohio St.3d 292,294. An abuse of discretion consists of more than an error of judgment; it connotes an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary. State v. Lessin (1993),67 Ohio St.3d 487; Rock v. Cabral (1993), 67 Ohio St.3d 108. When applying the abuse of discretion standard of review, we are not free to merely substitute our judgment for that of the trial court. In re JaneDoe I (1991), 57 Ohio St.3d 135, citing Berk v. Matthews (1990),53 Ohio St.3d 161.
 {¶ 11} We also review a trial court's determination of the value of marital property for an abuse of discretion. Green v. Green (Jun. 30, 1998), Ross App. No. 97CA2333, citing Spychalski v. Spychalski (May 8, 1992), 80 Ohio App.3d 10, 15; Bowling v. Bowling (Mar. 3, 1998), Franklin App. No. 97APF08-1001; Scalero v. Scalero (Jan. 22, 1998), Cuyahoga App. No. 71738; Rogers v. Rogers (Aug. 2, 1995), Miami App. No. 95-CA-7.
 {¶ 12} It is the trial court's job, as trier of fact, to resolve disputes of fact and weigh the credibility of the testimony and evidence. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 23, 550 N.E.2d 178. We give deference to the trial court because "the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80.
 {¶ 13} Here, we cannot say that the trial court abused its discretion in deciding to believe Bessie's expert, Dawes, even though he admitted on cross-examination that he had made some mistakes in his valuation. Dawes testified that the mistakes that Beryl's counsel pointed out to him during cross-examination were just "typos" and did not change his opinion about the value of Beryl's business. Thus, we do not find that the court acted unreasonable, arbitrary or unconscionable in believing Dawes's valuation of Beryl's business. Accordingly, we overrule Beryl's first assignment of error.
 III. {¶ 14} In his second assignment of error, Beryl argues that the trial court erred by attributing an account at Oak Hill Bank as general marital property instead of including it in the assets of Beryl's business. He asserts that there was testimony at the hearing that Beryl's business had a checking account at Oak Hill.
 {¶ 15} Civ.R. 53(E)(3)(b) provides: "Objections shall be specific and state with particularity the grounds of objection. * * * A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Thus, we will not consider arguments that derive directly from findings of fact to which the party did not object. State ex rel. Booher v. Honda of Am. Mfg., Inc.88 Ohio St.3d 52, 2000-Ohio-269 (Court refused to consider conclusions of law because claimant did not timely object to them); Cunningham v.Cunningham, Scioto App. No. 01CA2810, 2002-Ohio-4094.
 {¶ 16} Here, because Beryl failed to object to the magistrate's attribution of the account at Oak Hill Bank, he has waived this argument. Accordingly, we overrule his second assignment of error.
 IV. {¶ 17} In her only assignment of error, Bessie argues that the trial court abused its discretion in allocating the marital debt because it was not equal. She asserts that it is clear that the magistrate and the court attempted to equally divide the marital assets, but that the magistrate simply incorporated the temporary order, which had equally divided the marital debt that each party was responsible for paying during the proceeding. The temporary order required Beryl to pay the Dr. Chen bill. Bessie argues that the magistrate did not consider that the proceeds from the party's real estate, which were to be evenly split, had already been used to pay off the debt owed to Dr. Chen. Thus, she concludes, the division of marital debt was not equal, as the magistrate intended.
 {¶ 18} Trial courts are required to divide marital and separate property equitably between the spouses. R.C. 3105.171(B). This requires, in most cases, that marital property be divided equally. R.C.3105.171(C)(1). However, if equal division would produce an inequitable result, the property must be divided in such a way as the court determines to be equitable. Id. As the trial court possesses a great deal of discretion in attaining an equitable distribution, the court's division of property shall not be reversed absent an abuse of discretion. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131;Worthington v. Worthington (1986), 21 Ohio St.3d 73, 76; Martin v.Martin (1985), 18 Ohio St.3d 292, 294-295. Thus, absent an abuse of discretion, a reviewing court will affirm the trial court's division of marital debt. Eitel v. Eitel (Aug. 23, 1996), Pickaway App. No. 95CA11, unreported. See, also, Mulvey v. Mulvey (Dec. 4, 1996), Summit App. No. 17707, unreported. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary. Franklin Cty. Sheriff'sDept. v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 498, 506.
 {¶ 19} Beryl argues that the trial court must have considered the following in reaching its decision: (1) that he had made payments on all of the secured debt during the proceedings below, (2) that he had paid Bessie temporary spousal support in the form of her house payment and a cash payment, and (3) that Beryl testified that Bessie subjected them both to debts of which he had no knowledge and to which he did not consent.
 {¶ 20} Here, the trial court must have sufficient findings of fact to enable a reviewing court to determine whether the decision is fair, equitable and in accordance with law. See R.C. 3105.171(G). See, also, Szerlip v. Szerlip (1998), 129 Ohio App.3d 506; Manemann v.Manemann (April 20, 2001), Clark App. No. 2000CA76. However, we cannot tell by looking at the findings of fact if the trial court equitably divided the marital debt. Hence, we sustain Bessie's assignment of error without expressing any opinion as to whether the trial court abused its discretion in allocating the marital debt. We remand this cause to the trial court so that it may have the opportunity to explicitly address this issue. Accordingly, we sustain Bessie's only assignment of error.
 V. {¶ 21} In sum, we overrule both of Beryl's assignments of error and sustain Bessie's only assignment of error. Accordingly, we affirm in part and reverse in part the judgment of the trial court. We remand this cause to the trial court for further proceedings consistent with this opinion.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART AND CAUSE REMANDED.
The Court finds there were reasonable grounds for this ap peal.
Evans, P.J. and Abele, J.: Concur in Judgment and Opinion.
[1] The trial court also overruled objections to the Magistrate's decisions on contempt actions filed by each party. Because the allegations of contempt are not at issue on appeal, we have not included the details in our summary of the proceedings before the trial court.