[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 52.]

THE STATE EX REL. BOOHER, APPELLANT, *v.* HONDA OF AMERICA
MANUFACTURING, INC. ET AL., APPELLEES.

[Cite as *State ex rel. Booher v. Honda of Am. Mfg., Inc.*, 2000-Ohio-269.]

*Civil procedure—Workers' compensation—Civ.R. 53(E)(3), applied—Court of
appeals' denial of writ of mandamus affirmed.*

(No. 98-1503—Submitted January 26, 2000—Decided February 23, 2000.)

APPEAL from the Court of Appeals for Franklin County, No. 96APD12-1666.

————————————

{¶ 1} In 1990, appellant-claimant, Ramona D. Booher, was employed by
self-insured appellee Honda of America Manufacturing, Inc. She later alleged that
on April 18, 1990, she injured her back in the course of and arising from her
employment.

{¶ 2} Her workers' compensation claim was denied by appellee Industrial
Commission of Ohio, and claimant appealed to the Union County Common Pleas
Court. The jury returned a verdict allowing claimant's claim for "low back strain,"
specifically disallowing it for "herniated disc," and judgment was entered upon the
verdict. The Court of Appeals for Union County upheld that decision.

{¶ 3} Claimant then moved Honda for temporary total disability
compensation from August 23, 1990 to July 3, 1991 and March 10, 1993 to
November 7, 1995. Honda denied the request, and the matter was set for an
Industrial Commission hearing. A district hearing officer denied compensation,
citing evidence that attributed claimant's disability to the nonallowed disc
condition. That order was administratively affirmed.

{¶ 4} Claimant responded with a complaint in mandamus in the Court of
Appeals for Franklin County. A magistrate, in a decision rendered July 29, 1997,
recommended denial of the writ, after finding that the commission's decision was

supported by "some evidence." Claimant did not file objections to that report within the time specified in Civ.R. 53(E)(3)(a).

{¶ 5} In late August 1997, claimant's counsel allegedly discovered, for the first time, the magistrate's decision intermingled with other mail. Rather than immediately moving the court of appeals for leave to file objections, claimant appealed directly to this court (case No. 97-1830). The commission responded with a motion to dismiss, prompting claimant to voluntarily request dismissal of her appeal.

{¶ 6} On December 22, 1997, claimant moved the court of appeals to vacate the magistrate's decision and permit her to file objections. The court of appeals denied the motion, after finding that claimant had not adequately explained why she had waited approximately five months from the discovery of the magistrate's decision to seek relief and file objections.

{¶ 7} Claimant filed objections anyway. The court of appeals, in turn, ordered the objections stricken. On June 11, 1998, the court issued a decision adopting the magistrate's decision, and denied a writ of mandamus.

{¶ 8} This cause is now before this court upon an appeal as of right.

_____

*Sharon E. Deal*, for appellant.

*Vorys, Sater, Seymour & Pease, L.L.P.*, and *Robert A. Minor*, for appellee Honda of America Mfg., Inc.

*Betty D. Montgomery*, Attorney General, and *Michael A. Vanderhorst*, Assistant Attorney General, for appellee Industrial Commission of Ohio.

_____

***Per Curiam.***

{¶ 9} Claimant's arguments before us derive directly from the conclusions of law contained in the magistrate's decision. Claimant, however, did not timely object to those conclusions as Civ.R. 53(E)(3) requires. Civ.R. 53(E)(3)(b)

prohibits a party from "assign[ing] as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."

{¶ 10} Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————