DECISION AND JUDGMENT ENTRY
Gene Cunningham appeals the amount of the judgment that the trial court ordered him to pay to Sarah Cunningham after it found him in contempt of their 1975 divorce decree. In finding Gene in contempt, the trial court adopted the findings of fact and conclusions of law contained in the magistrate's decision. Gene did not file objections to the magistrate's decision. Civ.R. 53(E)(3)(b) states that an appellant cannot "assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless [the appellant] objected to that finding or conclusion." Since he failed to object to the magistrate's decision, Gene has waived the right to challenge the trial court's findings and conclusions on appeal.
Gene and Sarah divorced in 1975. The divorce decree incorporated the party's separation agreement, which is the focus of this case. The separation agreement provided that Sarah receive custody of the couple's daughter, Gina, and that Gene pay $150 a week to Sarah and Gina until Sarah remarried or became eligible for Social Security. Further, the divorce decree stated, "[w]hen Sarah Ann Cunningham is eligible to receive Social Security, Gene D. Cunningham will make up the difference in payment to make her [Sarah] $150 per week [sic], tax free, if she is not remarried." [Emphasis Added]. Sarah never remarried. Further, the separation agreement provided that Gene would keep a $50,000 life insurance policy in effect and assign it to Sarah and Gina when the policy matured on his 65th birthday.
Gene stopped paying Sarah $150 a week in May 1995 because she turned 62 the following month and was eligible for Social Security. When Gene turned 65 in 1997, he did not assign the policy to Sarah and Gina or pay them the cash equivalent of $50,000. Therefore, the magistrate found that Gene was in contempt of the 1975 divorce decree and ordered him to pay lump sum judgments, including interest, for the alimony/spousal support in arrears and the $50,000 life insurance policy. In sum, the court ordered Gene to pay a total of over $63,000. The trial court adopted the magistrate's findings of fact and conclusions of law. Gene did not file objections to the magistrate's decision with the trial court. Instead, Gene filed this appeal.
Gene assigns the following error for our review:
 "THE COURT USED AN INCORRECT MEASURE OF DAMAGES IN GRANTING JUDGMENT AGAINST PLAINTIFF."
Without reaching the merits of Gene's argument, we affirm the trial court's entry.
Sarah argues that Gene has waived his right to appeal because he did not file objections to the magistrate's decision with the trial court. Sarah's argument is compelling.
Under Civ.R. 53(E)(3)(b), Gene cannot assign as error on appeal the trial court's adoption of a finding of fact or conclusion of law unless he first filed an objection with the trial court following the magistrate's decision. Smith v. Null, 143 Ohio App.3d 264, 271,2001-Ohio-2386, 757 N.E.2d 1200. See, also, State ex rel. Booher v. Hondaof Am. Manuf., 88 Ohio St.3d 52, 2000-Ohio-269, 723 N.E.2d 571 (affirming a judgment because the workers' compensation claimant did not timely object to the conclusions of law as Civ.R. 53(E)(3)(b) requires). Under prior practice, the previous version of the rule did not subject conclusions of law to waiver on appeal. But under the current version, the failure of the appellant to file objections to the magistrate's decision constitutes a waiver on appeal. See Smith, supra; White v.White (Mar. 3, 1998), Scioto App. No. 97CA2511; 1995 Staff Notes to Civ.R. 53(E)(3)(b). In essence, the rule is based on the principle that a trial court should have a chance to correct or avoid a mistake before its decision is subject to scrutiny by a reviewing court.
Here, the magistrate issued his decision and the trial court adopted it. The trial court's judgment entry provided the parties notice that either party could stay execution of the judgment entry by filing objections to the magistrate's decision with the trial court in compliance with Civ.R. 53(E)(3)(a).[1] Since our review of the record reveals no objections to the magistrate's decision, we cannot reach the merits of this appeal.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court, Domestic Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. Evans, J.: Concur in Judgment Opinion.
[1] Civ.R. 53(E)(3)(a) states that "[w]ithin fourteen days of the filing of a magistrate's decision, a party may file written objections to the magistrate's decision. If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed."