This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant Virgil Cochran has appealed from a judgment entered in favor of Defendant-Appellee Charter One Bank by the Barberton Municipal Court, Small Claims Division. Charter One has cross-appealed from an order of the court purporting to vacate the judgment in favor of Mr. Cochran and to transfer the case to the municipal court's regular docket. This Court affirms the judgment in favor of Charter One, and vacates the trial court's subsequent order purporting to vacate that judgment.
 I.
{¶ 2} In April 2002, Mr. Cochran filed a complaint against the "Norton Branch" of Charter One Bank ("Charter One") in the small claims division of the Barberton Municipal Court. In his complaint, Mr. Cochran alleged that Charter One breached its contractual obligation by refusing to cash his social security checks upon presentment to the bank's tellers. A hearing on the complaint before a magistrate was scheduled for May 23, 2002.
{¶ 3} Both Mr. Cochran and counsel for Charter One appeared at the hearing and presented evidence. In July 2002, while the matter was still pending before the magistrate, Mr. Cochran filed what was captioned "FIRST AMENDED COMPLAINT AND TRIAL BY JURY DEMAND ENDORSED HEREON FROM SMALL CLAIMS DIVISION TO THE MUNICIPAL COURT," in which he sought additional damages for "unauthorized service charges" allegedly assessed to his account.
{¶ 4} On August 1, 2002, the magistrate entered a decision granting judgment in favor of Charter One. The magistrate's decision concluded with the following sentence: "Any person may appeal to the Court from any Order of a Magistrate by filing a Motion to set the Order aside, in accordance with [Civ.R. 53], within fourteen days of the filing of the order or ten days of a pretrial order."
{¶ 5} Fifteen days later, the court entered an order adopting the magistrate's decision and entering judgment on the complaint in favor of Charter One. On August 21, 2002, Appellant filed a notice of appeal from the trial court's order to this Court. Later that same day, the trial court entered an order stating that the magistrate's decision and the trial court's order adopting that decision "are hereby vacated and held for naught. The first amended complaint is hereby transferred from the Small Claims Jurisdiction to the Court's regular docket."
{¶ 6} Charter One has cross-appealed from this order purporting to vacate the magistrate's decision and the trial court's order adopting that decision. Mr. Cochran has asserted three assignments of error, which we have consolidated to facilitate review; Charter One has asserted a single cross-assignment of error, which we will separately address.
 II. Mr. Cochran's Assignment of Error Number One
{¶ 7} "THE MAGISTRATE ERRED BY ALLOWING AN ATTORNEY TO APPEAR ON BEHALF OF [CHARTER ONE]."
 Mr. Cochran's Assignment of Error Number Two
{¶ 8} "THE MAGISTRATE'S ENTRY OF 8/1/02 IS FRIVOLOUS."
 Mr. Cochran's Assignment of Error Number Three
{¶ 9} "THE LOWER COURT ERRORED [SIC] IN IT'S [SIC] `ADOPTS THE MAGISTRATE'S DECISION FILED HEREIN AND ENTERS JUDGMENT AS SET FORTH BELOW.'"
{¶ 10} In his first two assignments of error, Mr. Cochran has argued that the magistrate erred 1) in allowing counsel to appear on behalf of Charter One at the hearing, and 2) in his disposition of Mr. Cochran's complaint. In his third assignment of error, he has contended that the trial court erred in adopting the magistrate's decision and entering judgment against him.
{¶ 11} However, Mr. Cochran is precluded from challenging in this Court either the proceedings before the magistrate or the magistrate's decision, because Mr. Cochran failed to file objections to the magistrate's decision in the lower court. Pursuant to Civ.R. 53(E)(3)(a), "[w]ithin fourteen days of the filing of a magistrate's decision, a party may file written objections to the magistrate's decision." Civ.R. 53(E)(3)(b) further provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Consequently, Mr. Cochran's failure to object to any aspects of the magistrate's decision bars him from raising any error on appeal pertinent to the trial court's adoption thereof. SeeState ex rel. Booher v. Honda of Am. Mfg., Inc. (2000), 88 Ohio St.3d 52,53-54.
{¶ 12} Where no written objections have been filed, "[t]he court may adopt the magistrate's decision *** unless it determines that there is an error of law or other defect on the face of the magistrate's decision." Civ.R. 53(E)(4)(a). This Court reviews the trial court's adoption of the magistrate's decision pursuant to Civ.R. 53(E)(4)(a) for an abuse of discretion. In re Kelley, 11th Dist. No. 2002-A-0088, 2003-Ohio-194, ¶ 8. An abuse of discretion is more than merely an error of judgment or of law; it connotes a decision that is arbitrary, unreasonable, or unconscionable. Berk v. Matthews (1990),53 Ohio St.3d 161, 169.
{¶ 13} Our review of the magistrate's decision and the trial court's order adopting that decision reveals no abuse of discretion by the trial court. In his order, the magistrate noted that Mr. Cochran failed to produce a copy of any written contract allegedly breached by Charter One. The magistrate also found that Charter One offered to deposit Mr. Cochran's checks and make the deposited funds available for withdrawal the following day, and also suggested that Mr. Cochran directly deposit his checks. Neither solution, however, was acceptable to Mr. Cochran. The magistrate concluded that Charter One did not breach its contractual obligations by refusing to cash Mr. Cochran's checks on the same day he presented them, because Mr. Cochran did not maintain a balance in his account that was greater than the amount of the checks. Finally, the magistrate determined that Mr. Cochran failed to produce sufficient credible evidence to support his claim that Charter One assessed unauthorized service charges to his account.
{¶ 14} After reviewing the magistrate's decision and the trial court's order adopting that decision, we conclude that the trial court's adoption of the magistrate's decision was not arbitrary, unreasonable, or unconscionable. Mr. Cochran's assignments of error are without merit.
 Charter One's Cross-assignment of Error
{¶ 15} "THE MUNICIPAL COURT WAS WITHOUT AUTHORITY TO VACATE THE AUGUST 16, 2002 JUDGMENT ENTRY SUBSEQUENT TO THE FILING OF A NOTICE OF APPEAL BY [MR. COCHRAN]."
{¶ 16} In its sole cross-assignment of error, Charter One has argued that the trial court erred in entering its order purporting to vacate the judgment in favor of Charter One and to transfer the case to the municipal court's regular docket. Charter One has contended that Mr. Cochran's action of filing a notice of appeal of the trial court's adoption of the magistrate's decision and entry of judgment in favor of Charter One deprived the trial court of jurisdiction to enter this order.
{¶ 17} When an appeal is pending before a court of appeals, the trial court is divested of jurisdiction except to take action in aid of the appeal. McAuley v. Smith (1998), 82 Ohio St.3d 393, 395. In other words, "the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment." Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.
(1994), 70 Ohio St.3d 141, 146. In Howard, the Ohio Supreme Court specifically held that "an appeal divests trial courts of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment." Id. at 147.
{¶ 18} This Court finds Howard controlling on the facts before us. Although no Civ.R. 60(B) motion was pending in the case sub judice, the trial court's order vacating its judgment in favor of Charter One demonstrates that it is a belated attempt to grant Mr. Cochran's motion for leave to file an amended complaint and to transfer the case to the municipal court's regular docket. Clearly, however, vacation of the court's final judgment and reinstatement of the action is inconsistent with this Court's jurisdiction to review, modify, or affirm that judgment. As a result, the trial court lacked jurisdiction to enter its August 21, 2002 order vacating the magistrate's decision and the trial court's adoption of that decision. Charter One's cross-assignment of error is well-taken.
 III.
{¶ 19} Mr. Cochran's assignments of error are overruled; Charter One's sole cross-assignment of error is sustained. The trial court's August 16, 2002 judgment in favor of Charter One is affirmed; the court's August 21, 2002 order purporting to vacate that judgment is vacated.
SLABY, P.J. and BATCHELDER, J., CONCUR.