OPINION
{¶ 1} Kenneth Uretsky, defendant-appellant, appeals a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, adopting a magistrate's decision in which appellant was found in contempt.
 {¶ 2} Appellant and his former wife, Pamela J. Uretsky (n.k.a. Pamela Fisher), plaintiff-appellee, were divorced on September 15, 2000. As part of their decree of divorce, appellant was to transfer certain real property to appellee, and appellant had 30 days to "retrieve any and all personal property items currently being stored" at one of the properties located at 900 South Third Street, Columbus, Ohio, which had formerly been appellant's dentist office. On September 15, 2000, appellant went to that property and began removing door moldings, doors, cabinets, toilets, and other items. Appellee arrived at the property, a dispute ensued, and the police were called. On November 14, 2000, appellee filed a motion for contempt with regard to damages caused by appellant's actions on September 15, 2000, as well as other actions with regard to other properties. Appellant also filed a motion for contempt, which is not the subject of this appeal, asserting that appellee violated the divorce decree by not allowing him to obtain his personal property from 900 South Third Street.
 {¶ 3} A hearing on the contempt motions was held on April 16 and 18, 2002. The magistrate issued a decision on August 14, 2002, in which the magistrate granted appellee's motion in part for appellant's removal of the doors and cabinetry at 900 South Third Street, and sentenced appellant to ten days in jail, suspended on the condition that he purge himself of contempt by paying $3,908.33 to appellee. In addition, the magistrate ordered appellant to pay appellee $1,659.33 for attorney fees and costs. On August 16, 2002, the trial court adopted the magistrate's decision. Appellant appeals the trial court's judgment, asserting the following two assignments of error:
 {¶ 4} "I. The trial court erred when it ordered Dr. Kenneth Uretsky to pay $3,480.00 for the doors and trim, because Pamela Fisher failed to present clear and convincing evidence that the damage to the doors and trim were the result of Dr. Kenneth Uretsky's conduct.
 {¶ 5} "II. The trial court erred when it found Dr. Kenneth Uretsky in contempt for removal of some of the cabinets at 900 South Third Avenue."
 {¶ 6} First we must address an argument raised by appellee. Appellee argues that appellant's claims are barred for failure to file objections to the decision of the magistrate. Pursuant to Civ.R. 53(E)(3)(b), "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." See Brown v. Zurich, Franklin App. No. 02AP-9, 2002-Ohio-6099, at ¶ 26; Clendenen v. Fannin Realty, Inc., Franklin App. No. 01AP-1295, 2002-Ohio-4548, at ¶ 17; McBroom v. Bob-Boyd Lincoln Mercury, Inc. (Oct. 22, 1998), Franklin App. No. 98AP-229. Thus, " `Civ.R. 53(E) imposes an affirmative duty on the parties to make timely, specific objections in writing to the trial court, identifying any error of fact or law in the magistrate's decision.' " State ex rel. Alston v. Indus. Comm., Franklin App. No. 00AP-1379, 2002-Ohio-4720, at ¶ 4, quoting Huffman v. Huffman (June 21, 2000), Mahoning App. No. 98 CA 136. The staff notes of Civ.R. 53 provide that "[d]ivision (E)(3)(b) * * * reinforces the finality of trial court proceedings by providing that failure to object constitutes a waiver on appeal of a matter which could have been raised by objection." Further, in State ex rel. Booher v. Honda of Am. Mfg., Inc. (2000),88 Ohio St.3d 52, 53-54, the Ohio Supreme Court held that, pursuant to Civ.R. 53(E)(3)(b), a party is barred from raising any error on appeal pertaining to a trial court's adoption of any finding of fact or conclusion of law by a magistrate unless that party timely objected to that finding or conclusion as required under the rule. See, also, State ex rel. Abate v. Indus. Comm., 96 Ohio St.3d 343, 2002-Ohio-4796, following Booher.
 {¶ 7} This court, in construing Civ.R. 53, has "held that the failure to file objections to the magistrate's decision under Civ.R. 53(E)(3)(b) constitutes the waiver of the right to appellate review `of all but plain error.' " In re Montgomery (Oct. 28, 1999), Franklin App. No. 99AP-749, quoting Federal Prop. Mgt. v. Brown (June 25, 1999), Montgomery App. No. 17424. However, in appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error seriously affects the basic fairness, integrity, or public reputation of the judicial process itself. Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, syllabus.
 {¶ 8} In the present case, Civ.R. 53(E)(3)(b) provided appellant with the mechanism to raise his arguments before the trial court. Appellant failed to utilize this method by not filing objections to the magistrate's decision. "As Goldfuss makes clear, plain error is to be used very sparingly and would not be warranted in the absence of circumstances raising something more than a mere failure to object." R.G. Real Estate Holding, Inc. v. Wagner (Apr. 24, 1998), Montgomery App. No. 16737. This current case does not present exceptional circumstances. Therefore, we find that appellant has waived any appellate review of the trial court's adoption of the magistrate's decision, to which he filed no objections.
 {¶ 9} Accordingly, appellant's two assignments of error are overruled, and judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
KLATT, and TYACK, JJ., concur.