OPINION
{¶ 1} Mainland Industrial Coating, Inc. ("Mainland") and Delphi Automotive Systems, LLC ("Delphi") appeal from a judgment of the Montgomery County Court of Common Pleas, which granted judgment in favor of Specialty Systems of Ohio Construction, Inc. ("Specialty").
 {¶ 2} Mainland and Delphi entered into a contract pursuant to which Mainland was to perform work on a building located at 3100 Needmore Road in Dayton, Ohio. Mainland subcontracted with Specialty for removal of a roof containing asbestos. The original contract price was $119,905; however, during work on the project, a hard concrete layer was discovered. According to Specialty, the existence of this layer resulted in Specialty's having to do $72,360 in additional work. Specialty therefore submitted two change orders to Mainland, totaling this amount. Mainland refused to pay the change orders, so Specialty filed a mechanic's lien on the building in the amount of $122,265, representing the amount of the change orders and the amount still owing on the original contract price.
 {¶ 3} Specialty filed a complaint in foreclosure on the mechanic's lien against Mainland and Delphi on December 31, 2001. Therein, Specialty requested judgment for the amount still owed under the contract and the amount of the change orders. On July 24, 2002, a settlement agreement was reached by the parties. Pursuant to this settlement agreement, the parties agreed that Specialty would dismiss its claims with prejudice upon the following conditions. Specialty was to release its mechanic's lien on the property by July 26, 2002. Upon confirmation that the mechanic's lien had been released, Delphi was to pay Mainland the remaining $48,853.30 owed under the contract between those two parties. Upon receiving the remaining money owed it by Delphi and by August 7, 2002, Mainland was to pay Specialty that amount, approximately the amount still owing under its contract with Specialty. Also by August 7, 2002, Mainland was to pay Specialty $29,146.70 in full settlement of the change orders. Thus, Specialty was to receive a total of $78,000. However, the settlement further provided that Specialty would submit the change orders with accompanying documentation to Mainland by August 7, 2002 and that Mainland would submit the change orders to Delphi with a ten percent markup pursuant to its contract with Delphi. Delphi agreed to evaluate the change orders in good faith and determine whether it would pay any amount on the change orders. There was no requirement under the settlement agreement that Delphi pay the change orders; however, if it chose to do so, the first $29,146.70 was to go to Mainland to reimburse it for the amount it had already paid to Specialty. The remaining balance on the change orders would then be paid to Specialty, with any additional money going to Mainland as its ten percent markup.
 {¶ 4} Specialty released the mechanic's lien and sent confirmation to Mainland and Delphi on July 25, 2002. However, Mainland did not pay Specialty any of the money owed by August 7, 2002. On August 21, 2002, Mainland paid Specialty only $49,905. The remaining balance of $28,394.18 was not paid. On October 3, 2002, the trial court dismissed the case for failure to prosecute because the parties had not filed a dismissal entry. Specialty filed a motion to vacate the dismissal, which was granted on October 8, 2002. On October 30, 2002, Specialty filed a motion to enforce the settlement agreement. At this time, the $28,394.18 balance due under the settlement agreement had still not been paid, and Delphi had not considered the change orders as required by the settlement agreement.
 {¶ 5} Delphi and Mainland did not file any response to Specialty's motion to enforce the settlement agreement. On November 27, 2002, the court issued a judgment entry signed by the magistrate and the trial court. In that judgment entry, the court concluded that both Mainland and Delphi were in breach of the settlement agreement. It ordered both parties, jointly and severally, to pay Specialty $28,394.18 plus ten percent interest from August 7, 2002 by December 10, 2002. It further ordered Delphi to make a good faith determination on the change orders and pay any approved amount plus ten percent interest from August 21, 2002 by December 10, 2002. Specialty was awarded reasonable attorney's fees. Finally, the trial court provided that, if Delphi and Mainland failed to comply with the above order by December 10, 2002, they were to pay Specialty not only the $28,394.18 still owing under the settlement agreement, but also the $44,265 balance of the change orders for a total of $74,889.10 plus interest.
 {¶ 6} Mainland and Delphi raise two assignments of error on appeal, which we will address together.
 {¶ 7} "I. The Trial Court Abused Its Discretion In Awarding Judgment Against Delphi Who Was Not Bound By The Terms Of The Settlement Agreement.
 {¶ 8} "II. The Trial Court's Award To The Appellee Of The Balance Due On The Change Order Was An Abuse Of Discretion."
 {¶ 9} Specialty argues that Delphi and Mainland have waived their appellate arguments for two reasons. First, Delphi and Mainland filed no response to Specialty's motion to enforce the settlement agreement as required by Loc.R. 2.05 and filed no request for a hearing on the matter. Despite being on notice of the arguments made by Specialty in its motion to enforce the settlement agreement, Delphi and Mainland did not make any of their counter arguments in the trial court. We will not address for the first time on appeal issues that could have been raised before the trial court. See Schade v. Carnegie Body Co. (1982),70 Ohio St.2d 207, 210, 436 N.E.2d 1001; Albright, ex rel. Albright v.University of Toledo (Sept. 18, 2001), Franklin App. No. 01AP-130. Accordingly, Delphi and Mainland waived appellate review of their arguments by failing to raise them in the trial court.
 {¶ 10} Second, Specialty argues that Delphi and Mainland waived appellate review by failing to object to the magistrate's ruling. In response, Delphi and Mainland correctly note that there were no typical findings of fact and conclusions of law by the magistrate that were later adopted by the trial court. Rather, the trial court and the magistrate jointly signed the judgment entry in this case. However, this fact did not exempt Delphi and Mainland from the requirement that they file objections to the magistrate's ruling within 14 days. In effect, the judgment entry served as both the magistrate's decision and the trial court's judgment adopting the magistrate's decision. Civ.R. 53(E)(4)(c) contemplates a situation in which a trial court adopts a magistrate's decision prior to the expiration of the 14-day period for filing objections: "The court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered." Thus, the trial court's adoption of the magistrate's decision did not prevent Delphi and Mainland from filing objections to that decision, nor did it excuse them from the requirement that they do so. Pursuant to Civ.R. 53(E)(3)(b), Delphi and Mainland's failure to file objections resulted in a waiver of their arguments on appeal. See, also, State exrel. Booher v. Honda of Am. Manufacturing, Inc., 88 Ohio St.3d 52,53-54, 2000-Ohio-269, 723 N.E.2d 571; Duganitz v. Ohio Adult ParoleAuth., 92 Ohio St.3d 556, 557, 2001-Ohio-1283, 751 N.E.2d 1058. We conclude that Delphi and Mainland have waived their arguments for the purposes of this appeal.
 {¶ 11} Despite our conclusion that Delphi and Mainland's arguments are waived, we note that the doctrine of plain error is applicable in civil cases where an error "seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself."Dean Kitts v. Dean, Greene App. No. 2002CA18, 2002-Ohio-5590, citingGoldfuss v. Davidson, 79 Ohio St.3d 116, 1997-Ohio-401, 679 N.E.2d 1099. Delphi and Mainland argue that the trial court's decision was plain error because there was insufficient evidence before the court upon which to base the decision. We disagree. Specialty filed numerous affidavits and letters both with its motion to enforce the settlement agreement and separately. This evidence supported Specialty's claim that it was entitled to the amount claimed in the change orders. Furthermore, this evidence, specifically an affidavit from Specialty's attorney, established that Specialty had had no response from Delphi on the change orders by the end of October. The trial court reasonably concluded that Delphi, acting in good faith, should have processed the change orders by August 21, 2002 and that Delphi had breached the settlement agreement by failing to process the change orders. In its November 27, 2002 judgment, the trial court ordered Delphi to consider the change orders and notify the parties of its decision by December 10, 2002 or pay Specialty the full amount of the change orders. We can find no plain error in the trial court's decision.
 {¶ 12} Therefore, Delphi and Mainland's assignments of error are overruled.
 {¶ 13} The judgment of the trial court will be affirmed.
Fain, P.J., concurs.
Grady, J., dissents.