DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division. Appellant, Betty Davis, asserts the following assignments of error:
 {¶ 2} "I. The trial court erred by failing to provide the parties with notice that timely filed objections operated as an automatic stay of its judgment."
 {¶ 3} "II. The trial court erred as a matter of law by adopting the magistrate's decision and holding that appellant failed to prove, by clear and convincing evidence, all elements of civil contempt."
 {¶ 4} "III. The trial court abused its discretion by applying the equitable doctrine of laches.
 {¶ 5} "A. Appellee did not raise laches and therefore this defense is waived.
 {¶ 6} "B. Appellee did not prove laches."
 {¶ 7} We note at the outset that appellee failed to file a brief. Therefore, we would generally accept appellant's statement of the facts and issues as correct. See App.R.18(C). Nevertheless, we need not reach the merits of this cause and shall, therefore, limit the facts of this case to the following.
 {¶ 8} Appellant and appellee, Robert C. Davis, were divorced on October 5, 1978. Appellee was ordered to pay appellant spousal support in the amount of $85 per week for a period of 520 weeks. Over the ensuing years, the only amount of spousal support paid by appellee was $390.19.
 {¶ 9} On December 18, 2000, appellant filed a motion to show cause for failure to make court-ordered spousal support and a motion for contempt. However, neither party appeared at the hearing on these motions, and, on July 3, 2002, the domestic relations court dismissed the case, without prejudice, pursuant to Civ.R. 41(B)(1). The case was reinstated on July 3, 2002.
 {¶ 10} After a hearing on both issues, the magistrate issued a decision, dated March 6, 2003, granting appellant a lump sum judgment of $100,022.03. The magistrate denied the motion for contempt, finding:
 {¶ 11} "The Court has considered all evidence presented and concludes with regard to the evidence presented that the [appellant] failed to prove contempt by clear and convincing evidence. The [appellant] admits that she was aware of the whereabouts of [appellee] back to the 1980s but took no enforcement action. The purpose of Civil Contempt is to enforce the court order. Defendant sought no enforcement for almost twenty years. She is entitled to judgment for money owed."
 {¶ 12} On March 11, 2003, the trial court adopted the magistrate's decision as the order of the court. Appellant failed to file objections to the magistrate's decision; instead, she opted to file a notice of appeal.
 {¶ 13} In her Assignment of Error No. I, appellant concedes that she failed to file objections to the magistrate's findings of fact or conclusions of law as required by Civ.R. 53(E)(3)(a). In such a situation, a party is barred from assigning as error on appeal the trial court's adoption of any of the magistrate's findings of fact or conclusions of law. Civ.R. 53(E)(3)(b); State ex rel. Booher v. Honda ofAm. Mfg., Inc, 88 Ohio St.3d 52, 2000-Ohio-269 at ¶ 2. Appellant contends, however, that she did not waive her right to raise such errors because the trial court failed to notify her that the filing of objections would automatically stay execution of judgment under Civ.R. 53(E)(4)(c) and toll, pursuant to App.R. 4(B)(2), the time for the filing of her notice of appeal. According to appellant, she thus viewed the filing of the court's judgment as triggering the time for filing her notice of appeal. Therefore, instead of filing written objections, she appealed.
 {¶ 14} We initially note that there is nothing in either Civ.R. 53 or App.R. 4 that requires a magistrate to provide notice to the parties that the time for appeal will be tolled if objections are filed. Further, our reading of the case, Cunnningham v. Cunningham, 4th Dist. No. 01CA2801, 2002-Ohio-4094, relied upon by appellant as imposing such a notice requirement, reveals that Fourth District Court of Appeals is really referring to Civ.R. 53(E)(a). To repeat, that provision in the statute governs timely written objections to the magistrate's decision. Id. at ¶ 9. It does not require notice of the fact that the time for the appeal will be tolled upon the filing of those objections. The actual holding of the Cunningham court is that the lack of objections to the magistrate's decision barred the review of the merits of the appeal. Id.
 {¶ 15} Even if we were to assume, arguendo, that Cunningham
requires that the magistrate's decision contain a notice that written objections must be timely filed, both the magistrate's decision and the trial court's judgment in the case before us would comport with that holding. Each reads:
 {¶ 16} "Notice to attorneys and parties
 {¶ 17} "Objections must be filed pursuant to Civil Rule 53(E)(3)
and Local Rule 7.14."
 {¶ 18} The docket sheet of the present case reveals that copies of this decision and of this order were mailed to the parties. Consequently, as in Cunningham, appellant's failure to file timely written objections to the magistrate's decision precludes any consideration of the merits of this appeal.
 {¶ 19} Appellant's Assignment of Error No. I is found not well-taken. Our disposition of this assignment of error renders Assignments of Error Nos. II and III moot. Accordingly, the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. The costs of this appeal are assessed to appellant.
Judgment affirmed.
Richard W. Knepper, J. and Mark L. Pietrykowski, J., concur.