DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant Steve Brown appeals the judgment of the Adams County Court of Common Pleas, which adopted a magistrate's decision that terminated the shared parenting agreement between appellant and Plaintiff-Appellee Julie Brown, ordered visitation as set forth in the local rules, and dismissed motions by both parties requesting that the other be found in contempt of court. Appellant asserts that the trial court erred as follows: (1) by terminating the shared parenting agreement when there was no change in circumstances; (2) by failing to find appellee in contempt of court; (3) by admitting hearsay evidence during a hearing on the motions; and (4) by ordering the payment of child support in an amount not supported by the record.
 {¶ 2} For the reasons that follow, we disagree with appellant and affirm the judgment of the trial court.
 Lower Court Proceedings {¶ 3} In July 2000, Plaintiff-Appellee Julie Brown and Defendant-Appellant Steve Brown were divorced. At the time of their divorce, the parties entered into a shared parenting agreement pertaining to their four minor children: Zachary, Mark, Dylan, and Taylor. The agreement set forth that appellee would be the residential parent of the oldest child, Zachary, and the two younger children, Dylan and Taylor. Appellant was established as the residential parent of Mark. Further, the agreement granted appellant visitation with Zachary, Dylan, and Taylor every other week from Thursday after school until the following Monday. On appellant's non-visitation weeks, appellee was granted visitation with Mark from Thursday after school until the following Monday. Visitation was scheduled so that all the children would be together every weekend from Thursday until the following Monday.
 {¶ 4} At the time of the divorce, the trial court also settled issues concerning child support, medical care, and tax dependency exemptions. However, between July 2000 and the fall of 2001, the child support issue was revisited by the trial court several times.
 {¶ 5} Evidently, following the divorce, the parties failed to comply with the shared parenting agreement in that they refused to compel the older children to visit with the other parent. In December 2001, during one of appellant's scheduled visits, he went to the school attended by Dylan and Taylor to pick them up as he usually did. While at the school, appellee took Dylan to her vehicle and left with him, almost running over appellant with the vehicle. Due to this incident, appellant sought a protection order.
 {¶ 6} Shortly thereafter, appellee filed a motion to terminate the shared parenting agreement, proposing that she be given full custody of Zachary, Dylan, and Taylor, and that appellant have full custody of Mark. Appellant responded with a motion seeking that appellee be found in contempt of court. The bases alleged in this motion were appellee's failure to comply with the visitation schedule, appellee's striking of appellant with her vehicle during the incident at the youngest children's school, and appellee's refusal to allow appellant to talk to the children on the telephone. Appellant also moved to modify the custody arrangement, proposing that he be granted custody of Mark, Dylan, and Taylor, and that appellee retain custody of Zachary.
 {¶ 7} The magistrate held a hearing on the parties' motions at which both parties testified. Appellee's mother and appellant's father also testified at the hearing. In addition, the magistrate interviewed Zachary and Mark in chambers. Subsequently, the magistrate issued his decision, ruling on the motions. The magistrate found that there was a substantial change in circumstances regarding the parties and the children due to the parents' "increasingly combative" conduct toward each other. The magistrate also found that the parties' conduct was adversely affecting the relationships between the children and their parents. Accordingly, the magistrate found that the shared parenting agreement had become unmanageable and awarded custody of the children as proposed by appellee in her motion. Visitation with the non-custodial parent was to be conducted in accordance with the local rules. In addition, the magistrate dismissed the contempt motions, finding that both parties have contributed to, and should have avoided, the conflict. The magistrate also ordered that the two oldest children and their parents obtain counseling. In addition to addressing the parenting and contempt issues, the magistrate adjusted appellant's child support obligation based on the new parenting scheme. Appellant was ordered to pay $455.54 per month in child support.
 {¶ 8} On June 21, 2002, the trial court adopted the magistrate's decision. In doing so, the trial court ordered that any objections to the magistrate's decision be filed within fourteen days of its filing. Appellant filed objections to the magistrate's decision on July 10, 2002. The trial court ruled on appellant's objections, finding the same to have been untimely filed and without a request for a transcript of the hearings conducted before the magistrate. Accordingly, the trial court overruled appellant's objections.
 The Appeal {¶ 9} Appellant timely filed his notice of appeal and presents the following assignments of error for our review.[1]
 {¶ 10} First Assignment of Error: "The termination of the Shared Parenting Plan was error, in that it was against the weight of the evidence, it was an abuse of discretion by the Court in that there were no changes of circumstances shown, it rewarded the recalcitrance of the plaintiff (appellee), and is not in the best interest of the children."
 {¶ 11} Second Assignment of Error: "The failure to find the plaintiff in contempt of the Court's order on the visitation denial is an abuse of discretion, against the weight of the evidence, in that plaintiff (appellee) committed a clear violation of the Court Order on December 13, 2001."
 {¶ 12} Third Assignment of Error: "The Trial Court erred in admitting hearsay evidence."
 {¶ 13} Fourth Assignment of Error: "The determination of child support and the worksheet are not supported by the record, and no evidence was taken to sustain such worksheet."
I. Civ.R. 53
 {¶ 14} At the outset, we note that appellant's appeal stems from the trial court's adoption of the magistrate's decision. As such, there are several issues that we must address before approaching the merits of appellant's assignments of error.
 {¶ 15} Civ.R. 53 provides in pertinent part as follows: "Within fourteen days of the filing of the magistrate's decision, a party may file written objections to the magistrate's decision. * * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A partyshall not assign as error on appeal the court's adoption of any findingof fact or conclusion of law unless the party has objected to thatfinding or conclusion under this rule." (Emphasis added.) Civ.R. 53(E)(3)(a) (b).
A. Adopted Factual Findings and Legal Conclusions
 {¶ 16} In the case sub judice, appellant's First, Second, and Fourth Assignments of Error assert that the trial court's adoption of certain magistrate's findings and conclusions was erroneous. Specifically, appellant challenges the magistrate's finding that a change of circumstances occurred such that the termination of the shared parenting agreement was warranted. Appellant also argues that the dismissal of his contempt motion was an abuse of discretion by the lower court because the evidence did not support such a dismissal. Further, appellant asserts that the determination of child support is also unsupported by the record.
 {¶ 17} However, appellant's arguments before us derive directly from the findings of fact and conclusions of law contained in the magistrate's decision. Appellant, however, did not timely object to those conclusions as Civ.R. 53(E)(3) requires. Accordingly, he is prohibited from raising these alleged errors on appeal. See Civ.R. 53(E)(3)(b);Burke v. Brown, Adams App. No. 01CA731, 2002-Ohio-6164 (citing State exrel. Booher v. Honda of Am. Mfg., 88 Ohio St.3d 52, 53-54,2000-Ohio-269, 723 N.E.2d 571; Smith v. Null, 143 Ohio App.3d 264,2001-Ohio-2386, 757 N.E.2d 1200).
 {¶ 18} Accordingly, we overrule appellant's First, Second, and Fourth Assignments of Error.
B. Hearsay During the Hearing Before the Magistrate
 {¶ 19} As we noted above, in his Third Assignment of Error, appellant asserts that the magistrate erred by allowing hearsay testimony by appellee concerning an investigation conducted by Adams County Children Services into alleged physical abuse by appellant towards his oldest son.
 {¶ 20} In order for this Court to review this assigned error, we would be required to review the actual testimony given. However, as we have already noted, appellant failed to raise this issue before the trial court through timely filed objections to the magistrate's decision. Further, appellant failed to file with the trial court a transcript of the magistrate's hearing and the evidence submitted during that hearing. Thus, the trial court had nothing to pass upon and neither do we even though transcripts have been included with the record on appeal. SeeState v. Ishmail (1978), 54 Ohio St.2d 402, 377 N.E.2d 500 (holding that, "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.").
 {¶ 21} Accordingly, we overrule appellant's Third Assignment of Error.
 Conclusion {¶ 22} Since appellant failed to timely file objections to the magistrate's decision and support those objections with a transcript of the evidence submitted to the magistrate for his consideration, appellant is prohibited from assigning as error the issues presented in this appeal. Accordingly, we overrule appellant's assignments of error in toto and affirm the judgment of the trial court.
Judgment affirmed.
Harsha, J., and Kline, J.: Concur in Judgment Only.
[1] We note that prior to appellant filing his notice of appeal, the magistrate held another hearing in order to review the visitation order and consider the progress of the children's counseling. Following that hearing, the magistrate issued an order and found that the parties' conduct was frustrating the court's orders. Accordingly, the magistrate issued specific instructions regarding the visitation schedule and warned the parties that they may be found in contempt of court if they continue to frustrate the court's orders.