DECISION
{¶ 1} This is an appeal from a judgment of the Franklin County Court of Common Pleas awarding sanctions in favor of defendant-appellee, Kurtz Brothers, Inc., against plaintiff-appellant GEO Properties, Ltd. and GEO's counsel, appellant Chris S. Sevis. *Page 2 
 {¶ 2} This matter began as a landlord/tenant dispute. GEO sued Kurtz to collect back rent based upon Kurtz' partial occupancy of a commercial property at 4921 Vulcan Avenue in Columbus. After a period of rather incoherent litigation, hindered principally by GEO's inability to document the existence of any written lease agreement between itself and Kurtz, GEO voluntarily dismissed its complaint. Prior to dismissal of the action, Kurtz filed a motion for sanctions against GEO under R.C.2323.51 and against attorney Sevis under R.C. 2323.51 and Civ.R. 11, asserting that GEO's complaint was frivolous and that Mr. Sevis had reason to know that there were no grounds to support the complaint when he signed it.
 {¶ 3} The sanctions motion proceeded to a hearing before a magistrate at which Mr. Sevis did not appear on his own behalf or on behalf of GEO, which was not otherwise represented. After reviewing evidence presented by Kurtz setting forth the history and posture of the litigation, as well as the amount of fees incurred by Kurtz in defending the action, the magistrate found that there was reason to find that Mr. Sevis had filed a complaint that omitted a necessary party (another tenant on the premises who had potentially sub-let the space to Kurtz), and when threatened with dismissal by the trial court had reluctantly amended the complaint to include this other tenant only to promptly dismiss this party from the action again. The magistrate noted that the purported lease would have fallen within the statute of frauds, but that no written agreement had been produced by GEO. Additionally noting that GEO had failed to pursue discovery or otherwise produce evidence to support its case, the magistrate awarded fees jointly and severally against Mr. Sevis and GEO in the amount of $23,725.75 incurred by Kurtz in defending against GEO's frivolous claims. *Page 3 
 {¶ 4} GEO and Mr. Sevis did not file objections to the magistrate's decision, instead filing with the trial court judge motions to remand the matter to the magistrate or, in the alternative, to extend the time for filing the transcript in the matter. These motions were filed after the time specified by Civ.R. 53(E)(3) and Loc.R. 99.05 of the Franklin County Court of Common Pleas had lapsed for filing objections to the magistrate's decision.
 {¶ 5} The trial court denied appellants' motions, adopted the magistrate's decision as its own, and entered judgment awarding the full amount of sanctions to Kurtz against GEO and Mr. Sevis jointly. The trial court noted that the failure to timely file objections to the magistrate's decision and recommendation, of itself, was sufficient to cause the court to enter judgment as recommended by the magistrate. Granting appellants the grace of discussing the merits of their motions, the trial court then reviewed the conduct of GEO and its counsel during the course of litigation and found that there was ample grounds to support the magistrate's decision and recommendation. In particular, the trial court noted that neither Mr. Sevis nor GEO had presented any credible explanation as to why neither had appeared for the magistrate's hearing on the motion for sanctions.
 {¶ 6} Appellants bring the following three assignments of error:
 ASSIGNMENT OF ERROR NO. 1
 The Franklin County Common Pleas Court abused its discretion by not granting Appellant's 60(b) motion. *Page 4 
 ASSIGNMENT OF ERROR NO. 2
 The Franklin County Common Pleas Court abused its discretion in not remanding this matter back to [the] Magistrate for a proper hearing.
 ASSIGNMENT OF ERROR NO. 3
 The Franklin County Common Pleas Court abused its discretion in not allowing Appellant additional time to obtain the transcript of the Magistrate[']s evidentiary hearing which was held on February 2, 2007.
 {¶ 7} Appellants' first assignment of error asserts that the trial court erred by failing to rule upon a pending Civ.R. 60(B) motion for relief from judgment filed by appellants. We assume that the motion referred to is the pleading filed with the trial court on April 6, 2007, and styled as motions to remand to the magistrate or to extend time for filing the transcript, since appellants' memorandum in support of these motions does employ Civ.R. 60(B) language and no other filing by appellants in the record resembles such a motion for relief from judgment. As the trial court noted in its decision, Civ.R. 60(B) analysis was inappropriate because at the time appellants filed their April 6 motions there was no final order from which to obtain relief since the court had yet to adopt the magistrate's decision. As a result, because the present appeal is brought from the trial court's May 1, 2007 decision and entry, which does not reflect a ruling corresponding to the substance of appellants' first assignment of error, that assignment of error must be overruled.
 {¶ 8} Appellants' second assignment of error asserts that the trial court should have granted their motion to remand the matter to the magistrate for another hearing. Again, appellants did not pursue the appropriate procedural course before the trial court. *Page 5 
Modification of the magistrate's decision could have been sought by filing objections thereto under Civ.R. 53 within 14 days.
 {¶ 9} Only after first noting that the motions before the trial court were ineffective because they were not captioned as objections to the magistrate's decision and did not comply with Civ.R. 53 regarding timeliness and format did the trial court further address them to the extent of finding that the arguments put forth by appellants were not well-taken. The first basis relied upon by the trial court in denying appellants' motions is sufficient grounds to affirm its judgment on appeal. Civ.R. 53 imposes an affirmative duty on the parties to make timely, specific objections in writing to the trial court, identifying any error of fact or law in the magistrate's decision. Howard v.Norman's Auto Sales, Franklin App. No. 02AP-1001, 2003-Ohio-2834, at ¶ 22. Pursuant to Civ.R. 53(E)(3)(b), a party is barred from raising any error on appeal pertaining to a trial court's adoption of any finding of fact or conclusion of law by a magistrate unless that party timely objected to that finding or conclusion as required under the rule.State ex rel. Booher v. Honda of Am. Mfg., Inc. (2000),88 Ohio St.3d 52, 53-54, 2000-Ohio-269, 723 N.E.2d 571. Appellants have failed to timely raise Civ.R. 53 objections to the magistrate's decision in the trial court, and accordingly have forfeited their right to contest that decision in further proceedings. Appellants' second assignment of error is overruled.
 {¶ 10} Appellants' third assignment of error asserts that the trial court erred in refusing to grant appellants additional time to obtain a transcript of the sanctions hearing before the magistrate. As the trial court noted, Civ.R. 53(D)(3) notes and allows for the possibility that a transcript may not be available within the 14-day deadline for filing objections, and provides a comprehensive procedure for obtaining an extension of time *Page 6 
from the trial court to file the transcript if objections are timelyfiled ab initio. We accordingly find that the trial court did not err in declining to allow appellants additional time to file a transcript in the absence of timely-filed objections to the magistrate's decision. Appellants' third assignment of error is overruled.
 {¶ 11} In summary, appellants' three assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas awarding sanctions in favor of appellee is affirmed.
Judgment affirmed. PETREE and TYACK, JJ., concur.
 *Page 1