[Cite as *State v. Karabinos*, 2017-Ohio-7334.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 17AP-113 |
| v. | : | (C.P.C. No. 15CV-2843) |
| Andrew Karabinos | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 24, 2017

**On brief:** *Mike DeWine, Attorney General,* and *Rosemary E. Rupert*, for appellee. **Argued:** *Rosemary E. Rupert.*

**On brief:** *E. Darren McNeal Co., LLC*, and *E. Darren McNeal*, for appellant. **Argued:** *E. Darren McNeal.*

APPEAL from the Franklin County Court of Common Pleas

TYACK, P.J.

{¶ 1} Defendant-appellant, Andrew Karabinos, appeals a final judgment entered by the Franklin County Court of Common Pleas on February 24, 2017 which adopted a decision from a magistrate of that court. Because we find that Karabinos failed to object to the magistrate's decision and thereby waived all grounds for this appeal, we affirm the judgment of the court of common pleas.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On April 1, 2015, the State of Ohio, through the office of the Ohio Attorney General, brought suit against Karabinos for violations of Ohio's Consumer Protection Act. These violations stemmed from sales of automobiles in which Karabinos allegedly failed to ensure that buyers were able to obtain valid title for the vehicles. In October,

No. 17AP-113

Karabinos suggested that the case be stayed as he had filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Ohio. Following a response from the State arguing that Karabinos' bankruptcy did not and could not preclude the relief sought by the State, the trial court reactivated the case.

{¶ 3} On March 18, 2016, Karabinos (by later-granted leave) filed an answer. Because the State failed to serve Karabinos' company (which had also been named in the complaint) the suit was never properly commenced against it and the State elected to dismiss. Meanwhile, the State sought and received partial summary judgment on the issue of liability.

{¶ 4} In connection with granting partial summary judgment, the trial court referred the matter to a magistrate for resolution of any trial motions and a trial on the issue of damages. A magistrate of the Franklin County Court of Common Pleas held a bench trial on January 12, 2017. According to the decision of the magistrate, "[t]he Plaintiff was not required to offer any testimony because the parties had entered into a stipulation concerning the monetary damages. The Plaintiff had already received a judgment from this Court establishing the issue of liability." (Jan. 13, 2017 Mag. Decision at 1.) Karabinos offered no testimony, relying instead on three exhibits, "Exhibit 1 – Schedule F from Defendant's bankruptcy noting that the Defendant had listed the Plaintiff as a creditor; Exhibit 2 — the notice of creditors meeting provided to the Plaintiff; and Exhibit 3 — Defendant's discharge from bankruptcy." *Id.* What was at issue was whether Karabinos could be held responsible for damages suffered by the State (specifically the Title Defect Recision Fund, R.C. 1345.52) in light of his bankruptcy discharge. (Mag. Decision at 4.) Ultimately the magistrate concluded "that a specific award for the purpose of reimbursing the fund is not a debt the Defendant can or could have discharged in his bankruptcy." *Id.* at 10.

{¶ 5} At the end of the magistrate's decision, but before the signature, the magistrate wrote the following:

> **A PARTY SHALL NOT ASSIGN AS ERROR ON APPEAL THE COURT'S ADOPTION OF ANY FACTUAL FINDING OR LEGAL CONCLUSION, WHETHER OR NOT SPECIFICALLY DESIGNATED AS A FINDING OF FACT OR CONCLUSION OF LAW UNDER CIV.R. 53(D)(3)(a)(ii), UNLESS THE PARTY**

**TIMELY AND SPECIFICALLY OBJECTS TO THAT FACTUAL FINDING OR LEGAL CONCLUSION AS REQUIRED BY CIV.R. 53(D)(3)(b).**

(Emphasis sic.)  *Id.* at 11.

{¶ 6}   Karabinos did not object to the magistrate's decision.  On the 30th day after the decision issued however, he filed a notice of appeal with this court and requested that a transcript be prepared.  Eleven days later, the trial court issued a final judgment entry adopting the decision of the magistrate.  The State requested we dismiss the appeal because, at least initially, it was not from a final order.  Karabinos responded on March 30, 2017, indicating that his notice of appeal was merely premature and that he would "seek leave to submit objections and, in the alternative, correct the record to reflect the final appealable order." (Mar. 30, 2017 Memo. in Opp. at 2.)  Pursuant to App.R. 4(C), we noted that the appeal was considered timely notwithstanding the fact that it was initially filed prematurely and we denied the State's motion to dismiss.  The record does not reflect that a transcript of the January bench trial was ever prepared or that Karabinos ever sought leave to file objections.

## II. ASSIGNMENT OF ERROR

{¶ 7}   Karabinos asserts a single assignment of error on appeal:

> **THE TRIAL COURT ERRED AS A MATTER OF LAW BY ALLOWING PLAINTIFF/APPELLEES TO ENFORCE A MONEY JUDGMENT.**

## III.  DISCUSSION

{¶ 8}   Civ.R. 53 permits a party to object to a decision issued by a magistrate within 14 days of the decision.  Civ.R. 53(D)(3)(b)(i).  Such objections must be specific and state grounds with particularity.  Civ.R. 53(D)(3)(b)(ii).  A transcript, if available, of the evidence submitted to the magistrate must be submitted within 30 days after filing objections unless the court extends the time for filing. Civ.R. 53(D)(3)(b)(iii).  In the event however that a party chooses not to file objections, the trial court, rather than undertaking an independent review, will review the magistrate's decision to determine if "there is an error of law or other defect evident on the face of the magistrate's decision." *Compare* Civ.R. 53(D)(4)(c) *with* Civ.R. 53(D)(4)(d).  On an appeal from the trial court's decision,

No. 17AP-113

the party which failed to object cannot raise any matters that the party failed to raise in objections, except for plain errors:

> ***Waiver of right to assign adoption by court as error on appeal.*** Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b).

(Emphasis added.) Civ.R. 53(D)(3)(b)(iv).

{¶ 9} Given the course set by Civ.R. 53, both this court and the Supreme Court of Ohio have been loath to address matters which were not appropriately raised in objections:

> Claimant's arguments before us derive directly from the conclusions of law contained in the magistrate's decision. Claimant, however, did not timely object to those conclusions as Civ.R. 53(E)(3) requires. Civ.R. 53(E)(3)(b) prohibits a party from "assigning as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."

*State ex rel. Booher v. Honda of Am. Mfg.*, **88** Ohio St.3d 52, 53-54 (2000), citing a predecessor division of Civ.R. 53:

> Appellant's arguments derive directly from the conclusions of law provided in the magistrate's decision. Appellant, however, did not object to those conclusions as Civ.R. 53(D)(3)(b) requires. Thus, pursuant to that rule and *State ex rel. Booher v. Honda of Am. Mfg., Inc.* (2000), **88** Ohio St.3d 52, 2000 Ohio 269, 723 N.E.2d 571, we can proceed no further.

*State ex rel. Findlay Indus. v. Indus. Comm. of Ohio*, 121 Ohio St.3d 517, 2009-Ohio-1674, ¶ 3; *see also, e.g., Lavelle v. Lavelle*, 10th Dist. No. 12AP-159, 2012-Ohio-6197, ¶ 8.

{¶ 10} Moreover, with respect to any matters other than pure legal issues, where a transcript of what transpired before the magistrate is not prepared, we are often left with no choice but to presume the validity of proceedings before the magistrate and accept the trial court's adoption of the magistrate's decision. For example, in the case of *Blevins v. Blevins*, 10th Dist. No. 14AP-175, 2014-Ohio-3933, we remarked:

> [A] transcript of the proceedings before the magistrate is part of the record on appeal; however, the transcript was not before the trial court when it adopted the magistrate's decision. "Appellate review is limited to the record as it existed at the time the trial court rendered its judgment." *Franks v. Rankin*, 10th Dist. No. 11AP-934, 2012-Ohio-1920, ¶ 73, citing *Wiltz v. Clark Schaefer Hackett & Co.*, 10th Dist. No. 11AP-64, 2011-Ohio-5616, ¶ 13; *Wallace v. Mantych Metalworking*, 189 Ohio App.3d 25, 2010-Ohio-3765, ¶ 10, 937 N.E.2d 177 (2d Dist.). " 'A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.' " *Id.*, quoting *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus. Therefore, we will not consider the transcript in ruling on appellant's assignments of error. " ' "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." ' " *Black v. Columbus Sports Network, LLC*, 10th Dist. No. 13AP-1025, 2014-Ohio-3607, ¶ 39, quoting *Estate of Stepien v. Robinson*, 11th Dist. No. 2013-L-001, 2013-Ohio-4306, ¶ 29, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

*Id.* at ¶ 14.

{¶ 11} Nowhere in his brief does Karabinos acknowledge his failure to file objections. Nowhere does he address his failure to obtain a transcript of the January proceedings before the magistrate. Nowhere does he request that we find plain error or explain why we should. Not until his reply brief does Karabinos take stock of the multiple problems with his appeal and request that we consider plain error. "[W]e generally will not address an argument raised for the first time in a reply brief." *See, e.g., Hadden Co., L.P.A. v. Zweier*, 10th Dist. No. 15AP-210, 2016-Ohio-2733, ¶ 15, citing *State v. Shedwick*, 10th Dist. No. 11AP-709, 2012-Ohio-2270, ¶ 50.

{¶ 12} Karabinos' assignment of error is overruled.

## IV. CONCLUSION

{¶ 13} Karabinos did not object to the magistrate's decision, did not obtain a transcript of the evidence presented to the magistrate, and did not request that we find or

No. 17AP-113

consider plain error in his primary brief.  Accordingly, his arguments are waived and we overrule his sole assignment of error.

*Judgment affirmed.*

BROWN and LUPER SCHUSTER, JJ., concur.

————————————