OPINION
{¶ 1} Plaintiff-appellant, R. J. ("appellant"), appeals from a judgment entry dated March 20, 2007, of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, that adopted the magistrate's decision rendered March 20, 2007.
 {¶ 2} The facts germane to this appeal are as follows. On July 10, 2006, appellant filed a motion to modify visitation; a subsequent amended motion was filed on *Page 2 
October 17, 2006. The court referred the matter to a magistrate, who rendered his decision on November 16, 2006, recommending that the trial court:
 SUSTAIN THE MOTION TO EXERCISE CONTINUING JURISDICTION OVER THIS MATTER.
 ORDER MOTHER TO SIGN A RELEASE FOR THE GUARDIAN AD LITEM TO RECEIVE RESULTS OF HER PSYCHOLOGICAL EVALUATION BY JANUARY 15, 2007.
 MAINTAIN CURRENT ORDER FOR SUPERVISED VISITATION AT WELCOME TO OUR PLACE.
 UPON RECEIPT OF PSYCHOLOGICAL RESULTS AND NO CONCERNS OF GUARDIAN AD LITEM, UNSUPERVISED VISITATION MAY START IMMEDIATELY ON SUNDAYS FROM 1-5 P.M. AT EASTON SHOPPING MALL.
(Magistrate's decision issued Nov. 16, 2006.) On November 21, 2006, the trial court adopted the magistrate's recommendation. On November 27, 2006, appellant objected to the magistrate's decision, which the court overruled on January 29, 2007. No appeal was taken from that decision.
 {¶ 3} On February 5, 2007, appellant filed a motion to find D.B. ("father"), the father of appellant's son, J.B., in contempt for violating the trial court's prior order regarding visitation. In her motion, appellant requested the court order "immediate visitation" or "allow [her] to pick up child, see, or speak to him." (Appellant's motion for contempt, at 1.) In connection with her motion for contempt, appellant also filed a "motion for clarification of visitation order." Therein, appellant alleged that the visitation ordered at "Welcome to Our Place" works a financial hardship upon her, and that father "continues *Page 3 
to not comply with Easton visitation [on Sunday afternoons]." (Appellant's motion for clarification of visitation order, at 2.)
 {¶ 4} The court referred the matter to a magistrate, who held a hearing on March 8, 2007. That same day, the magistrate rendered his decision, recommending the trial court:
 SUSTAIN THE MOTION FILED FEBRUARY 5, 2007, TO EXERCISE CONTINUING JURISDICTION OVER THIS MATTER.
 VISITATION BETWEEN MOTHER, [APPELLANT], AND THE MINOR CHILD, [JB], IS TO BE SUPERVISED AT WELCOME TO OUR PLACE.
(Magistrate's decision, Mar. 20, 2007.) Although not expressly stated, while the magistrate did recommend that the trial court grant appellant's motion, the import of his recommendation was limited to granting appellant's motion for the purpose of continuing jurisdiction; appellant was not granted the relief she requested. By judgment entry journalized the same day, the court adopted the magistrate's decision. No objections to the magistrate's decision were filed.
 {¶ 5} On March 26, 2007, appellant filed a notice of appeal, asserting the following single assignment of error:
 The trial court erred by granting summary judgment in favor of Defendant when the records presents genuine issues of material fact that demand resolution by the truer [sic] of the fact. The result was termination of Plaintiff's parental rights.
 {¶ 6} At the onset, we note that although appellant's notice of appeal states that she is appealing the court's decision dated March 20, 2007, her brief indicates that she is *Page 4 
challenging a decision rendered on February 25, 2004. The timely filing of a notice of appeal under App.R. 4(A), within 30 days of the entry of the judgment or order appealed, is jurisdictional. As such, this court is without jurisdiction to consider appellant's challenges to the court's decision rendered in 2004.[1]
 {¶ 7} To the extent appellant is appealing the court's decision entered on March 20, 2007, which adopted the magistrate's decision, we note that appellant failed to file any objections thereto. When a party has not filed objections to a magistrate's decision and the trial court has entered judgment, appellate review is limited to plain error analysis. See Buford v. Singleton, Franklin App. No. 04AP-904,2005-Ohio-753. The plain error doctrine is not favored in civil proceedings and "may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself."Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, syllabus.Goldfuss makes clear that the plain error doctrine is to be used sparingly and is not warranted in the absence of circumstances raising something more than a mere failure to object. Brown v. Zurich,150 Ohio App.3d 105, 2002-Ohio-6099, at ¶ 28, quoting R.G. Real Estate Holding,Inc. v. Wagner (Apr. 24, 1998), Montgomery App. No. 16737. *Page 5 
 {¶ 8} We fail to find plain error in the case at bar. This is not the extremely rare case that involves exceptional circumstances. Nor do we find any error in law or fact on the face of the magistrate's report. Accordingly, appellant has waived any appellate review of the trial court's adoption of the magistrate's decision.
 {¶ 9} Moreover, even if a full merit review were permissible, appellant fares no better. First, it is axiomatic that a transcript of the proceedings before the trial court is necessary for a thorough review of appellant's contentions, and appellant has failed to provide same. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. Accordingly, we must presume the regularity of the proceedings below and affirm the trial court's decision. Edwards v.Cardwell, Franklin App. No. 05AP-430, 2005-Ohio-6758, at ¶ 4-6. Second, our review of the record does not disclose that the trial court received appellant's psychological records (or that appellant caused the same to be delivered to the court) for its review and consideration regarding whether unsupervised visitation at Easton should commence. It is clear from the magistrate's decision of November 21, 2006, which was adopted by the trial court, that consideration of appellant's records was a condition precedent to the proposed Easton visitation. Thus, because visitation at Easton was ultimately never ordered, there could be no finding of contempt against father on that basis. *Page 6 
 {¶ 10} For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch is affirmed.
Judgment affirmed.
FRENCH, J., concurs. WHITESIDE, J., dissenting.
WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Appellant's challenges to a 2004 decision, as well as her failure to file a corrected brief as instructed by this court in an entry dated July 16, 2007, provide technical bases for dismissal of her appeal. Nonetheless, given that the instant appeal was not dismissed prior to oral argument, for which appellant appeared and argued, the majority has chosen to consider and decide this case on its merits, in an effort to dispose of cases in an internally consistent manner. See, e.g.,Citimortgage v. Clardy, Franklin App. No. 06AP-1011,2007-Ohio-2940.