[Cite as *Davis v. Davis*, 2016-Ohio-7790.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Joseph Davis, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 15AP-1078 |
| v. | : | (C.P.C. No. 08DR-2694) |
| Carmen Davis, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 17, 2016

**On brief:** *Law Offices of Jefferson Liston, LLC,* and *Jefferson Liston,* for appellee. **Argued:** *Jefferson Liston.*

**On brief:** *Favor Legal Services,* and *H. Macy Favor, Jr.,* for appellant. **Argued:** *H. Macy Favor, Jr.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

HORTON, J.

{¶ 1} Defendant-appellant, Carmen Davis, appeals a decision of the Franklin County Court of Common Pleas, Division of Domestic Relations, issued on October 28, 2015, denying her motion for relief from judgment pursuant to Civ.R. 60(B)(5). For the following reasons, we affirm.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} On January 14, 2015, Carmen filed her amended motion for relief from judgment pursuant to Civ.R. 60(B)(5) seeking modification to the divorce decree that was entered on July 30, 2010, between herself and her ex-husband, plaintiff-appellee, Joseph Davis ("Joe"). On August 10, 2010, the trial court filed a shared parenting plan, signed by both Carmen and Joe.

{¶ 3}   In her amended motion for relief from judgment, Carmen sought modification to provisions in the original decree regarding spousal support, real property/marital residence, pension/retirement plans, child support (duration and amount), child transportation arrangements, medical coverage, and tax exemption.

{¶ 4}   A hearing on the motion was set for July 7, 2015.  On June 29, 2015, Joe filed a motion to dismiss, seeking an order from the trial court to dismiss Carmen's motion for relief from judgment. On July 14, 2015, Carmen filed the following motions: a motion to compel; a motion in opposition to Joe's motion to dismiss; a motion in opposition to Joe's motion to compel; and a motion to extend time to respond to Joe's motion to sell the home. The trial court granted a continuance to respond to Joe's motion to dismiss and the matter was later heard by the trial court on July 15, 2015.

{¶ 5}   In an entry dated October 28, 2015, the trial court denied Carmen's motion for relief from judgment.  The trial court stated that although Carmen invoked the catch-all provision of Civ.R. 60(B)(5), she had failed to state her claims for relief with "specificity;" that her "claims are not supported by evidence, case law, or statute;" and that she had "not proven that she has a meritorious defense or claim to present if relief is granted or even that the motion is made within a reasonable time." (Jgmt. Entry at 3.) The trial court pointed out that Carmen was essentially attempting to relitigate the terms of her divorce five years after entering into it, and that "she was aware of her own financial circumstances" when she negotiated the judgment entry decree of divorce. (Jgmt. Entry at 3.)

## II. ASSIGNMENTS OF ERROR

{¶ 6}   Appellant appeals, assigning the following errors for our review:

> [I.] THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT'S MOTION PURSUANT TO CIV.R. 60(B)(5) WITHOUT A HEARING AFTER IT INITIALLY GRANTED ONE.
>
> [II.] THE TRIAL COURT ERRED WHEN IT GRANTED PLAINTIFF'S PROCEDURALLY DEFICIENT MOTION TO DISMISS.

## III. DISCUSSION

{¶ 7}   In order to prevail on a motion brought pursuant to Civ.R. 6o(B), " 'the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 6o(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 6o(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.' " *Caron v. Manfressa,* 1oth Dist. No. 98AP-1399 (Sept. 23, 1999), quoting *Argo Plastic Products Co. v. Cleveland,* 15 Ohio St.3d 389, 391 (1984), quoting *GTE Automatic Elec. v. ARC Industries,* 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

{¶ 8}   A motion for relief from judgment is addressed to the sound discretion of the trial court, and a ruling will not be disturbed absent an abuse of discretion. *Griffey v. Rajan,* 33 Ohio St.3d 75, 77 (1987). "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983).

{¶ 9}   Turning to the merits of the Civ.R. 6o(B) motion, the trial court had a valid reason for denying the motion.

{¶ 10}   Carmen filed her motion for relief from judgment under Civ.R. 6O(B)(5), the "catch-all" provision of the rule. Unlike subsections (1) through (4), which authorize relief from judgment for specific reasons such as mistake, excusable neglect, or newly discovered evidence, the catch-all provision allows relief for "any other reason justifying relief from the judgment" when a more specific reason does not apply. The catch-all provision "reflect[s] the inherent power of a court to relieve a person from the unjust operation of a judgment." *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64 (1983), paragraph one of the syllabus. "The grounds for invoking the rule [under the catch-all provision] must be substantial, and relief may be granted only in unusual or extraordinary circumstances." *Daroczy v. Lantz*, 10th Dist. No. 02AP-31, 2002-Ohio-5417, ¶ 39, citing *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105 (8th Dist.1974).

{¶ 11} Here, the trial court did not abuse its discretion when it overruled Carmen's motion. She presented no new claim or defense relevant to her original divorce proceedings. Rather, she attempted to relitigate all the issues that had been previously

resolved in the original decree. Moreover, as the trial court noted, many of the financial issues facing Carmen were within her knowledge prior to the divorce. These do not qualify as unusual or extraordinary circumstances.

{¶ 12} Furthermore, Rule 13 of the Local Rules of the Franklin County Court of Common Pleas, Division of Domestic Relations, states that any motion seeking relief under Civ.R. 60(B) must include "a memorandum of fact and law and may include affidavits, transcripts, depositions * * * and other relevant documentary materials." Here, Carmen failed to even include an affidavit attesting to the changed circumstances she describes in the memorandum. The memorandum itself cited none of the relevant legal standards for granting relief under Civ.R. 60(B). Finally, as the trial court noted, the motion came five years after the original divorce decree. For these reasons, the trial court did not abuse its discretion when denying the motion.

{¶ 13} Nor was Carmen entitled to an evidentiary hearing on the motion:

> A party who files a Civ.R. 60(B) motion for relief from judgment is not automatically entitled to a hearing on the motion. Instead, the movant bears the burden of demonstrating that he or she is entitled to a hearing on the motion. To warrant a hearing on a Civ.R. 60(B) motion, the movant must allege operative facts that would warrant relief under Civ.R. 60(B). *Kay v. Marc Glassman, Inc.,* 76 Ohio St.3d 18, 19, 1996 Ohio 430, 665 N.E.2d 1102 (1996).

*Settonni v. Settonni*, 8th Dist. No. 97784, 2012-Ohio-3084, ¶ 39.

{¶ 14} Carmen's second assignment of error argues that the trial court erred when it granted Joe's "Motion to Dismiss." This assignment of error is rendered moot by overruling her first assignment of error. The trial court's denial of Carmen's motion was the only action that had a substantive effect on her rights. "Granting" the motion to dismiss was redundant because the court had already denied Carmen's motion. Furthermore, the "Motion to Dismiss" was, in reality, a memorandum in opposition to Carmen's motion under Civ.R. 60(B). By asking the trial court to "dismiss" Carmen's motion, it was only asking the trial court to take action on Carmen's Civ.R. 60(B) motion.

## IV. DISPOSITION

{¶ 15} Having overruled Carmen's first assignment of error and rendered the second assignment of error moot, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

DORRIAN, P.J. and SADLER, J., concur.

_____