[Cite as *Irving v. Tate*, 2022-Ohio-2553.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Benjamin Irvin, Jr., | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 21AP-644 |
| v. | : | (Case No. 19JU-9604) |
| Monique Tate, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on July 26, 2022

**On brief:** *Monique Tate*, pro se.[1]

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations and Juvenile Branch

MENTEL, J.

{¶ 1} Defendant-appellant, Monique Tate, pro se, appeals from a November 15, 2021 judgment entry designating plaintiff-appellee, Benjamin Irvin, Jr., the residential parent and legal custodian of the minor child, A.I. For the reasons that follow, we affirm.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On August 19, 2019, appellee filed a complaint for allocation of parental rights/custody of minor child, A.I. Appellee requested to be designated the residential parent and legal custodian of the minor child. The complaint identified appellant as the biological mother. On February 21, 2020, the trial court appointed a guardian ad litem in the case. Of note, appellee filed motions for contempt against appellant on January 28, April 6, April 27, June 22, and September 11, 2020.

---

[1] Plaintiff-appellee, Benjamin Irvin, Jr., failed to file a brief in this case. Pursuant to App.R. 18(C), appellee was not permitted to be heard at oral arguments.

{¶ 3} This matter came before a magistrate on June 14, 2021. Both parties appeared pro se. The guardian ad litem was also present in the courtroom. Paternity was established between minor child, A.I., and appellee pursuant to Franklin County, Ohio Adm. Order Case No. 7120771345. The magistrate heard testimony from both parties as well as Alissa Irvin, Natrisse Ervin, and the guardian ad litem. No findings of fact and conclusions of law were requested.

{¶ 4} On September 1, 2021, the magistrate issued a decision naming appellee the sole residential parent and legal custodian of the minor child. The magistrate's order permitted appellant parenting time and set forth phone/video contact with the child for the non-possessory parent as "no less than 3 times per week for no less than 15 minutes per call. The parent entitled to the call shall initiate the call. If the call is missed, the call shall be returned forthwith (within 24 hours)." (Sept. 1, 2021 Mag.'s Decision at 2.) The magistrate also denied all of appellee's motions for contempt without prejudice stating that appellee had failed to meet his burden in demonstrating appellant was in contempt of a court order. The order also described the health care insurance responsibilities of the parties as well as appellee's right to claim the minor child as a dependent for income tax purposes. The issue of child support was passed at this time based on insufficient information. On November 15, 2021, the trial court issued a judgment entry adopting the magistrate's decision in its entirety.

{¶ 5} Appellant filed a timely appeal on December 3, 2021.

## II. ASSIGNMENT OF ERROR

{¶ 6} Appellant assigns the following as trial court error:

> [1] THE TRIAL COURT ERRED AND ABUSED ITS
> DISCRETION IN IMPARTIAL JUDGEMENT (SIC) AND
> FAULIUR (SIC) TO OBTAIN EVIDENCE.

## III. LEGAL ANALYSIS

### A. Appellant's Sole Assignment of Error

{¶ 7} In her sole assignment of error, appellant argues that the trial court erred and abused its discretion by failing to provide an impartial judgment and failure to obtain evidence.

{¶ 8} As an initial matter, there are multiple procedural issues that encumber appellant's appeal. First, appellant failed to object to the magistrate's ruling with the trial

court. Pursuant to Civ.R. 53(D)(3)(b)(i), a party may object to a magistrate's decision within 14 days of its entry into the record. Even in cases where the magistrate's decision is adopted by the trial court with this 14-day period, a party's objection during that period remain timely and there is an automatic stay of the trial court's judgment adopting the magistrate's decision. *Davis v. Davis*, 10th Dist. No. 17AP-664, 2018-Ohio-3180, ¶ 9, citing Civ.R. 53(D)(4)(e)(i). Here, appellant's arguments are derived directly from the magistrate's decision in this case. Appellant, however, failed to file timely objections to the magistrate's decision. As such, appellant has waived all but plain error on appeal. "The plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus. By not alleging or demonstrating plain error, appellant forfeits all arguments against the trial court's decision on appeal. *Davis* at ¶ 9, 11. On this basis alone, a reviewing court may overrule the assignment of error and affirm the trial court's judgment. *Id.* at ¶ 11-12.

{¶ 9} Here, appellant failed to file objections to the magistrate's decision and, on appeal, has not addressed the lack of objections or argued the trial court's decision was plain error. Accordingly, appellant's assignment of error is overruled on that basis.

{¶ 10} Moreover, even if appellant has preserved this issue on appeal, we have no way to evaluate appellant's claims of bias and impartiality as appellant has failed to file a transcript with this court for our review. It is well-established law that an appellant is required to file a transcript for this court to review. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980); *see also* App.R. 9(B)(3) ("[t]he appellant shall order the transcript in writing and shall file a copy of the transcript order with the clerk of the trial court"). "This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Knapp* at 199. Without a transcript, a reviewing court must presume the regularity of the proceedings under such circumstances. *Lavelle v. Lavelle*, 10th Dist. No. 12AP-159, 2012-Ohio-6197, ¶ 7, quoting *Gomez v. Kiner*, 10th Dist. No. 11AP-767, 2012-Ohio-1019, ¶ 5. Because appellant failed to file a transcript, we cannot review appellant's claims and must presume the regularity of the proceedings.

{¶ 11} We note that appellant has represented herself throughout this process. It is clear from the record and oral argument that appellant deeply cares for her daughter. While we have great respect for appellant's efforts and desire to be the residential parent and legal custodian of her child, "the mere fact that [s]he is a pro se litigant does not entitle h[er] to ignore the requirements of the local appellate rule[s]." (Internal citation and quotation omitted.) *Lavelle* at ¶ 9. It is well-established law that a pro se litigant is held to the same standards as litigants that have retained counsel. *Id.*

{¶ 12} Appellant's sole assignment of error is overruled.

## IV. CONCLUSION

{¶ 13} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch.

*Judgment affirmed.*

BEATTY BLUNT and JAMISON, JJ., concur.

_____