[Cite as *Nyamusevya v. Nkurunziza*, 2023-Ohio-3263.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Leonard Nyamusevya, | : | |
| Plaintiff-Appellant, | : | No. 22AP-713 |
| | | (C.P.C. No. 09DV-1832) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Consolata Nkurunziza, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on September 14, 2023

**On brief:** Leonard Nyamusevya, pro se.

**On brief:** *Dinsmore & Shohl, LLP,* and *Kara A. Czanik* for
CitiMortgage, Inc.

APPEAL from the Franklin County Court of Common Pleas
Division of Domestic Relations

EDELSTEIN, J.

{¶ 1} Plaintiff-appellant, Leonard Nyamusevya, appeals from an order of the
Franklin County Court of Common Pleas, Division of Domestic Relations, denying his
motions for contempt against non-party-appellee CitiMortgage, Inc. For the following
reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} This appeal is the product of two protracted cases that have grown entangled
over time. However, the issue on appeal is a narrow question of procedure unaffected by
much of the prior litigation. Because the history of these proceedings is largely immaterial
to the question before us, we will limit our discussion to the factual background relevant to
this appeal.

{¶ 3}    The first of these cases, which eventually resulted in the judgment on appeal, began when Mr. Nyamusevya filed for divorce in the Franklin County Court of Common Pleas, Division of Domestic Relations.  The divorce decree entered on October 1, 2010 pertained, in part, to the disposition of marital real property.  *See generally Nyamusevya v. Nkurunziza*, 10th Dist. No. 12AP-405, 2013-Ohio-1576; *Nyamusevya v. Nkurunziza*, 10th Dist. No. 11AP-137, 2011-Ohio-5287; *Nyamusevya v. Nkurunziza*, 10th Dist. No. 10AP-857, 2011-Ohio-2614.

{¶ 4}    In 2010, in the second relevant case, CitiMortgage, Inc. filed for foreclosure against residential property owned by Mr. Nyamusevya.  After extensive litigation, a decree of foreclosure was issued in 2018.  We affirmed the trial court's judgment and decree of foreclosure in *CitiMortgage, Inc. v. Nyamusevya,* 10th Dist. No. 18AP-949, 2020-Ohio-5024.  The confirmation of sale was entered by the trial court in 2022 and was recently affirmed on appeal in *CitiMortgage, Inc. v. Nyamusevya,* 10th Dist. No. 22AP-464, 2023-Ohio-1583.  Related federal court, bankruptcy, and mandamus proceedings are only tangentially relevant, and recently summarized by this court in *State ex rel. Nyamusevya v. Franklin Cty. Court of Common Pleas*, 10th Dist. No. 22AP-327, 2023-Ohio-840, ¶ 7-29.

{¶ 5}    These parallel proceedings formally intersected when Mr. Nyamusevya filed a motion for contempt against CitiMortgage, Inc. in his divorce case before the common pleas court.[1]  Mr. Nyamusevya alleged that CitiMortgage, Inc. knowingly violated an order issued on May 26, 2021 concerning the disposition of residential property in the marital estate.  (June 23, 2022 Mot. for Contempt.)  The order stated, "Defendant [Nkurunziza] has surrendered her interest in the real estate and Plaintiff is unaware of her whereabouts.  Plaintiff moves the Court [to] enforce the Agreed Decree, in order to fully effectuate the parties' agreement.  Therefore, the Court awards Plaintiff the property as sole owner, removing [t]he requirement for Defendant's cooperation and signature, and giving Plaintiff authority to effectuate the sale."  (May 26, 2021 Order at 2.)  Mr. Nyamusevya alleged CitiMortgage, Inc. was aware of this order yet chose to proceed with foreclosure.  He asserted this action constituted contempt of court.  (June 23, 2022 Mot. for Contempt.)

---

[1] Mr. Nyamusevya's former spouse, Ms. Nkurunziza, did not file her own response to the motion and has not participated in this appeal.

**{¶ 6}** The motion was set for a hearing before a court magistrate on August 26, 2022. On November 1, 2022, the trial court issued an order adopting the magistrate's decision that "incorporates by reference the attached magistrate's decision and makes same the judgment of this Court." (Nov. 1, 2022 Jgmt. Entry at 1.) The magistrate's decision comprises the next two pages of the order, finding "insufficient evidence has been adduced to prove by clear and convincing evidence that CitiMortgage, Inc. is in contempt as alleged in the motions." (*Id.* at 3.) At the bottom of the third page is the magistrate's signature. (*Id.*) The fourth page of the order is a signature page for the common pleas court judge. (*Id.* at 4.) A stamp on the first page of the entry from the Franklin County Clerk of Courts indicates the order was served on the parties on November 3, 2022. (*Id.* at 1.) All four pages were electronically time-stamped at the same time: 9:56 A.M. on November 1, 2022.

**{¶ 7}** After filing his notice of appeal on November 23, 2022, Mr. Nyamusevya filed a motion in the trial court titled "Motion to Preserve the Issue for a Direct Appeal." (Nov. 29, 2022 Mot. at 1.) Mr. Nyamusevya filed a copy of the transcript from the August 26, 2022 hearing with the trial court on December 2, 2022. On January 3, 2023, Mr. Nyamusevya filed an affidavit with the trial court in support of his November 29, 2022 motion asserting he was not served with a copy of the magistrate's decision by the clerk of courts, nor did the clerk's office receive a filed copy of the magistrate decision in order to accomplish service. (Nyamusevya Aff. at ¶ 2.)

## II. Assignments of Error

**{¶ 8}** Mr. Nyamusevya assigns the following assignments of error for our review:

[I.] The failure of the lower trial Court in this instant Case to perform its ultimate function in compliance with In *Yantek v. Coach Builders Ltd., Inc.,* 2007-Ohio-5126, to review the Magistrate's action in accordance with the civil rules, rendered the November 01, 2022 lower trial Court's Judgment Entry prejudicial and erroneous and reversible on appeal.

[II.] The November 01, 2022 lower trial Court's Judgment Entry lacks a Magistrate Decision with two distinctly and specifically journalized stamped times by the Clerk of Court, in a violation of Civ. R. 53(D)(3)(a)(iii), which was never filed with the Clerk of Court, and which was never served by the Clerk of Court on all parties as required under Civ. R. 53(D)(3)(a)(iii).

## III.  Discussion

### A.  First Assignment of Error

{¶ 9}   In his first assignment of error, Mr. Nyamusevya alleges the trial court failed to perform its obligation under Civ.R. 53 to review the magistrate's decision prior to its adoption.  He derives this belief from the contemporaneous filing of the magistrate's decision with the trial court's judgment entry.  (Appellant's Brief at 8.)

{¶ 10} Civ.R. 53 governs the conduct and authority concerning matters referred to court magistrates by a trial court, including hearings on motions.  After conducting a hearing, a magistrate shall issue a decision "in writing, identified as a magistrate's decision in the caption, signed by the magistrate, filed with the clerk, and served by the clerk on all parties or their attorneys no later than three days after the decision is filed."  Civ.R. 53(D)(3)(a)(iii).  The decision must include a notice that a party may not assign as an error on appeal any factual finding or legal conclusion which was not timely objected to during the prescribed time limits.  *Id.*  A party who fails to object waives the right to assign as error on appeal anything but plain error.  Civ.R. 53(D)(3)(b)(iv).

{¶ 11} "Civ.R. 53(D) places upon the reviewing court the ultimate authority and responsibility over an appointed magistrate's findings and rulings."  *Ohio Environmental Protection Agency v. Lowry*, 10th Dist. No. 10AP-1184, 2011-Ohio-6820, ¶ 11.  Any time after a magistrate's decision is filed, the trial court may, in whole or in part, adopt, reject, or modify the magistrate's decision during its review.  Civ.R. 53(D)(4)(b).  The trial court is permitted to enter judgment on the magistrate's decision at any time after it is issued, but remains obligated to rule on any objections filed before the 14-day filing deadline, whether or not the court has already entered judgment.  The court may vacate, modify, or affirm its initial judgment while disposing of such timely filed objections. Civ.R. 53(D)(4)(e).  If objections are filed, the court must conduct an independent review of the factual findings and legal conclusions made by the magistrate.  Civ.R. 53(D)(4)(d).  If no objections are filed, a trial court may adopt the decision after ascertaining there is no error of law or other defect obvious from the face of the decision.  Civ.R. 53(D)(4)(c).

{¶ 12} Therefore, unlike its obligation to conduct an independent review of the decision when a party files objections, the trial court is only required to review a magistrate's decision for errors of law evident on the face of the decision if no party objects.

*See* 2006 Staff Note, Civ.R. 53 ("The language of Civ.R. 53(D)(4)(c) has been modified in an attempt to make clear that the obligation of the court does not extend to any 'error of law' whatever but is limited to errors of law that are evident on the face of the decision.").

{¶ 13} In support of his contention that the trial court failed to perform its duties under Civ.R. 53, Mr. Nyamusevya points to *Yantek v. Coach Builders Ltd.*, 1st Dist. No. C-060601, 2007-Ohio-5126, ¶ 11 for the proposition that "[a]n essential component of a trial court's judicial function is to review and to ratify a magistrate's decision before it becomes effective." In *Yantek*, the First District held that a trial court must take action on a magistrate's decision *before* it becomes effective. *Id.* at ¶ 11-12. This decision does not prohibit the practice of simultaneously filing a magistrate's decision and trial court decision adopting it, but instead reaffirms that a magistrate's decision does not *take effect* until its express adoption by the trial court. Here, the decision by the court magistrate was expressly adopted by the trial court and thus is consistent with both Civ.R. 53 and *Yantek*.

{¶ 14} Because Mr. Nyamusevya did not file objections to the magistrate's decision, the trial court expressly found there was no error of law or other defect evident on the face of the decision and adopted it in its entirety. (Nov. 1, 2022 Jgmt. Entry at 1.) The trial court further stated it incorporated the decision and "makes same the judgment of this Court." (*Id.*) Other than assert the trial court could not have fulfilled its review obligation due to the simultaneous filing of the two orders, Mr. Nyamusevya does not indicate how the trial court failed to act on the magistrate's decision in a manner prescribed by Civ.R. 53. The trial court's action—here, adopting the magistrate's finding and entering judgment—is permitted under Civ.R. 53(D)(4)(b). "A trial court may adopt a magistrate's decision and enter judgment either before or after the 14-day period for filing objections expires. If the court adopts the decision before the period expires, however, the parties still have the right to file objections." (Internal citation omitted.) *Skydive Columbus Ohio, LLC v. Litter*, 10th Dist. No. 09AP-563, 2010-Ohio-3325, ¶ 9. *See also Bahgat v. Kissling*, 10th Dist. No. 17AP-641, 2018-Ohio-2317, ¶ 18 ("Under Civ.R. 53(D)(3)(b)(i), a party may file written objections to a magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period.").

{¶ 15} No evidence in the record supports Mr. Nyamusevya's assertion that the trial court failed to conduct a facial review before adopting the magistrate's decision. While

simultaneous filing could be a sign of such a failure if coupled with an error evident from the face of the decision, *see, e.g.*, *Abdulshafi v. Abdulshafi*, 10th Dist. No. 19AP-487, 2020-Ohio-2692, ¶ 15, it is insufficient to support such a conclusion on its own. Absent evidence to the contrary, a trial court's statement that it conducted the appropriate review of a magistrate's decision, even when both decisions are filed with the clerk's office simultaneously, is sufficient. *Fifth Third Mtge. Co. v. Sardella*, 10th Dist. No. 11AP-276, 2011-Ohio-6458, ¶ 23. *See also Hartt v. Munobe*, 67 Ohio St.3d 3, 7 (1993) ("An appellate court reviewing a lower court's judgment indulges in a presumption of regularity of the proceedings below."). Neither is there any indication that Mr. Nyamusevya was prohibited from filing objections after its adoption. *See Sardella* at ¶ 22.

{¶ 16} Failing to demonstrate any error, Mr. Nyamusevya's first assignment of error is overruled.

### B. Second Assignment of Error

{¶ 17} Mr. Nyamusevya's second assignment of error alleges the magistrate's decision was not independently filed with the clerk of courts and thus not properly served on the parties, in violation of Civ.R. 53(D)(3)(a)(iii).

{¶ 18} Civ.R. 53(D)(3)(a)(iii) sets forth explicit requirements for a magistrate's decision. It states the "decision shall be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, filed with the clerk, and served by the clerk on all parties or their attorneys no later than three days after the decision is filed." It further requires that the decision "indicate conspicuously" the possibility of forfeiture on appeal if a party fails to file timely objections. *Id.*

{¶ 19} The magistrate's decision below is undisputedly in writing and signed by the magistrate. The stamp on the first page of the trial court's judgment entry indicates it was served on the parties on November 3, 2022, within the proscribed time limits. The core of Mr. Nyamusevya's second assignment of error turns on the simultaneous filing of the magistrate's decision and the trial court's judgment entry adopting it at 9:56 A.M. on November 1, 2022. He asserts that simultaneous filing renders it a single filing, which he claims is not compliant with Civ.R. 53(D)(3)(a)(iii)'s requirement that "a magistrate's decision" be "filed with the clerk."

{¶ 20} The first page of the trial court's entry states, "The magistrate has filed a decision in this matter with the Clerk of Courts on **see time stamp**, and copies thereof were mailed to the parties and/or their attorneys of record." (Emphasis sic and added.) (Nov. 1, 2022 Jgmt. Entry at 1.) Later in the same paragraph, the entry continues, "The Court further finds there is no error of law or other defect on the face of the magistrate's decision. The Court incorporates by reference the attached magistrate's decision and makes same the judgment of this Court." (*Id.*) The court's language implies a magistrate's decision was already filed and mailed by the clerk of courts prior to the issuance of the judgment entry. Generously, the order may be described as sparse. The only analysis contained in the order is that it found no error of law or other obvious defect. The trial court's entry does not mention the continuing opportunity to file objections or request findings of fact and conclusions of law, and it does not indicate that the filing of objections would operate as an automatic stay of the judgment under Civ.R. 53(D)(4)(e)(i). Surprisingly, such language in the trial court's decision is not required by statute, although it would certainly provide clarity rather than the confusion that evidently resulted from the proceedings below. *See, e.g.*, *Davis v. Davis*, 10th Dist. No. 17AP-664, 2018-Ohio-3180.

{¶ 21} Instead, minimal notice is provided in the final paragraph of the magistrate's decision. The language of the notice complies, in a technical sense, with Civ.R. 53(D)(3)(a)(iii)'s requirement to "indicate conspicuously" the consequences caused by waiving objections. The notice does not state the time limits for filing and does not indicate a party may file objections within the 14-day window, even after the trial court has issued a judgment entry adopting the magistrate's decision. Rather, it merely references the section of the Civil Rules that sets forth when and how objections may be filed. Although the notice is vague and fairly ambiguous, we have repeatedly found the use of identical language satisfies this requirement. *See, e.g., Davis* at ¶ 6; *Middleton v. Erie Ins.*, 10th Dist. No. 21AP-15, 2022-Ohio-2486, ¶ 5.

{¶ 22} And while former Civ.R. 54(A) prohibited incorporating a magistrate's decision into a trial court judgment entry, amendments to the Rule effective July 1, 2019 removed that constraint. *See* 2019 Staff Note to Civ.R. 54. Our court has accepted this practice, because entering the trial court's judgment simultaneously with the filing of a magistrate's decision does not preclude a party from filing objections. *See, e.g., Davis v.*

*Gray*, 10th Dist. No. 02AP-746, 2003-Ohio-1655, ¶ 10; *In re Malone*, 10th Dist. No. 03AP-489, 2003-Ohio-7156, ¶ 32; *In re J.B.,* 10th Dist. No. 07AP-242, 2007-Ohio-6088, ¶ 4; *Blevins v. Blevins*, 10th Dist. No. 14AP-175, 2014-Ohio-3933, ¶ 17.

{¶ 23} Although we have routinely accepted this practice, we also take this opportunity to express our concern with the practical implications of filing and serving a trial court judgment entry and magistrate's decision together at the same time. "It is more than conceivable that an unrepresented litigant could view the simultaneous adoption of a magistrate's decision by the trial court, or one adopted so quickly before the 14-day objection period expires, to have cut off that right of objection no matter how bold the language is in the magistrate's decision about the filing of objections to it." *In re D.F., III,* 10th Dist. No. 18AP-811, 2019-Ohio-3710, ¶ 25 (J. Brunner, dissenting). Although lawful, this practice creates unnecessary and easily averted confusion, as evidenced by the instant appeal. And we are reluctant to condone it. "[T]he main purpose for the procedures set forth in Civ.R. 53 is to afford litigants with a meaningful opportunity to file objections to a magistrate's decision." *Skydive Columbus Ohio, LLC* at ¶ 6. Combined entries cause needless ambiguity as to whether a party is still permitted to file objections after a trial court adopts the magistrate's decision. And only citing the Civil Rule subsection setting forth time limits for filing objections does little to clarify that ambiguity.

{¶ 24} Despite the confusion surrounding the simultaneous filings that occurred below, the issuance of the magistrate's decision and the trial court's judgment entry were in accordance with law. Mr. Nyamusevya's mistaken belief that the lack of a separately filed magistrate's decision precluded him from filing objections does not constitute error. *See id.* at ¶ 10. Therefore, we must overrule Mr. Nyamusevya's second assignment of error.

## IV. Disposition

{¶ 25} Having overruled Mr. Nyamusevya's two assignments of error, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

MENTEL and BOGGS, JJ., concur.

————————————