[Cite as *Polk v. Polk*, 2026-Ohio-1630.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Dawn Polk

    Appellant

v.

Carl Polk

    Appellant

Court of Appeals No.  L-25-00241

Trial Court No.  DR2021-0573

**<u>DECISION AND JUDGMENT</u>**

Decided: May 5, 2026

* * * * *

Dawn Polk, pro se.

Carl Polk, pro se.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Dawn Polk, appeals the September 17, 2025 judgments of the Lucas County Court of Common Pleas, Domestic Relations Division, dismissing her show-cause motion and denying her "Objection/Motion to Clarify Dismissal/Purge of Contempt Regarding Counseling."  For the following reasons, we affirm.

## I. Background and Facts[1]

{¶ 2} Dawn and Carl married in 2006 and had a child together in 2009. Dawn filed a complaint for legal separation in September 2021. She later moved to convert the legal separation to a divorce action, which the trial court granted.

{¶ 3} The trial court granted Dawn a divorce from Carl in September 2023. In the divorce decree, the court awarded the parties shared parenting of their child, with each parent having equal time with the child.

{¶ 4} As relevant to this appeal, beginning in August 2024, Carl filed a motion to modify the allocation of parenting rights and responsibilities and a motion to terminate child support, and Dawn filed three contempt motions, a motion to enforce, and a "complaint for parentage." In May 2025, the magistrate hearing the case found that "the parties' ongoing arguing and nitpicking behaviors" did not rise to the level of necessitating termination of the shared parenting agreement under R.C. 3109.04(E)(1)(a), but modifying the parenting time in the shared parenting agreement was in the child's best interest. After considering the best interest factors in R.C. 3109.04(F), the magistrate ordered Dawn to have parenting time as the parties could agree, but not less than three times a week from 5:00 p.m. to 9:00 p.m., beginning June 1. Then, beginning

_____

[1] Dawn did not file any transcripts or an acceptable App.R. 9(C) statement of the evidence in the trial court, so the facts are limited to what can be gathered from the filings in the case. We note that an appellant may not use App.R. 9(C) as a substitute for a transcript where they have not filed a transcript in connection with their objections to the magistrate's decision. *See Petrovich v. Auto Repair, Inc.*, 2017-Ohio-8731, ¶ 12 (8th Dist.).

2.

September 1, the parties would go back to having equal parenting time, albeit with a slightly different schedule than they had before.

{¶ 5} Regarding Dawn's contempt motions, the magistrate found that Carl failed to have the child attend counseling and failed to communicate with Dawn through a communication app, as required by prior court order, so she found Carl in contempt. Carl could purge his contempt by "engaging in co-parenting counseling with [Dawn] and reunification counseling with [Dawn] and the minor child for a period of three (3) months unless sooner released by the service provider."

{¶ 6} The trial court adopted the magistrate's decision on May 14, 2025, the same day it was filed.

{¶ 7} Dawn filed timely objections to the magistrate's decision, which the trial court overruled, primarily because Dawn raised factual objections but did not file a transcript of the hearing before the magistrate.

{¶ 8} In June 2025, Dawn filed a "motion to address failure of court-ordered counseling and request for further relief." In July 2025, Carl filed a motion to modify visitation, custody, and support. The magistrate found that the issues raised in both motions had been decided in the trial court's May 2025 judgment entry, so she dismissed both motions. The trial court adopted the magistrate's decision the same day it was filed.

{¶ 9} Twenty days later, Dawn filed her "Objection/Motion to Clarify Dismissal/Purge of Contempt Regarding Counseling." On September 17, 2025, the trial court issued an order finding that Dawn failed to specify which magistrate's decision she

3.

was objecting to, but her objection was untimely if she was objecting to the most recent magistrate's decision. The court also found that the magistrate's decision was not vague or ambiguous, so it denied Dawn's request for clarification.

{¶ 10} Also on September 17, the trial court issued an order purging Carl of contempt. In that order, the court noted that its earlier order held that Carl could purge his contempt if he participated in co-parent counseling with Dawn and reunification counseling with Dawn and the child for three months, unless their service provider released them earlier. The court found, "[b]ased on the representation of [Carl] and telephone confirmation from [the counselor]," that Carl had complied with the purge conditions and that the counselor had terminated his services with the parties. Therefore, the trial court determined that Carl had complied with the court's previous order and dismissed Dawn's show cause motion.

{¶ 11} Dawn filed a notice of appeal from these judgment entries.

{¶ 12} After filing her notice of appeal, Dawn attempted to file an App.R. 9(C) statement of evidence with the trial court instead of filing transcripts. On November 13, 2025, the trial court denied Dawn's request as "improperly filed" because Dawn claimed that she could not afford the cost of transcripts but she had never been declared indigent.

{¶ 13} Dawn now appeals, raising four assignments of error:

Assignment of Error I

The trial court erred and abused its discretion by denying Appellant's Civ.R. 9(C) Statement in its November 13, 2025 Judgment,

4.

preventing proper appellate review and violating Appellant's procedural rights.

Assignment of Error II

The trial court abused its discretion by repeatedly refusing to enforce its own reunification counseling orders despite Appellee's continuous noncompliance, contrary to R.C. 2705.02 and established Ohio precedent.

Assignment of Error III

The trial court abused its discretion in the September 17, 2025; May 14, 2025; and November 13, 2025 Judgments by refusing to find Appellee in contempt despite repeated and documented violations, and by improperly granting purge conditions unsupported by compliance.

Assignment of Error IV

The trial court abused its discretion by modifying parenting time in the September 17, 2025; May 14, 2025; and November 13, 2025 Judgments without making the required statutory findings under R.C. 3109.04, and in contradiction to the evidence showing Appellee's interference with the parent child relationship.

## II. Law and Analysis

### A. We lack jurisdiction to consider issues related to the May 14 and November 13, 2025 judgment entries.

{¶ 14} As a preliminary matter, we lack jurisdiction to consider two of the judgment entries that Dawn addresses in her brief. She raises arguments about the trial court's May 14, September 17, and November 13, 2025 judgment entries. However, the only judgment entries attached to her notice of appeal are the September 17 entries. That is, Dawn did not file a notice of appeal from the May 14 or November 13 entries or seek to amend her notice of appeal to include the November 13 entry.

5.

{¶ 15} To appeal "an order that is final upon its entry[,]" a party must file a notice of appeal within 30 days of that entry. App.R. 4(A)(1). Timely filing a notice of appeal is "the only jurisdictional requirement for a valid appeal . . . ." *Transamerica Ins. Co. v. Nolan,* 72 Ohio St.3d 320 (1995), syllabus, citing App.R. 3(A). Here, Dawn did not file a notice of appeal from the May 14 or November 13 entries or seek to amend her notice of appeal to include the November 13 entry. Because she did not file a timely notice of appeal related to either of those judgments, we lack jurisdiction to consider any issues she raises regarding them.

**B. We lack jurisdiction to consider Dawn's first assignment of error.**

{¶ 16} In her first assignment of error, Dawn argues that the trial court abused its discretion by denying her request to submit an App.R. 9(C) statement of evidence. As Dawn did not properly appeal the trial court's decision on this issue, we lack jurisdiction to consider it. Accordingly, we decline to consider Dawn's first assignment of error for lack of jurisdiction.

**C. We must presume the regularity of the trial court proceedings.**

{¶ 17} In her remaining assignments of error, Dawn argues that the trial court abused its discretion by refusing to enforce reunification counseling orders, refusing to hold Carl in contempt and granting him purge conditions, and modifying parenting time.

{¶ 18} It is well-established that an appellant is required to file a transcript for our review. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980); *see also* App.R. 9(B)(3) ("The appellant shall order the transcript in writing and shall file a copy of the

6.

transcript order with the clerk of the trial court."). "This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Knapp* at 199. Without a transcript, a reviewing court must presume the regularity of the proceedings in the trial court. *Lavelle v. Lavelle*, 2012-Ohio-6197, ¶ 7 (10th Dist.). Because Dawn failed to file a transcript, we cannot review her claims and must presume the regularity of the proceedings. *Irvin v. Tate*, 2022-Ohio-2553, ¶ 10 (10th Dist.).

{¶ 19} We recognize that Dawn has represented herself throughout these proceedings. However, as a pro se litigant, Dawn is bound by the same rules and procedures as parties who are represented by counsel. *Kenwood Gardens Assn., LLC v. Shorter*, 2011-Ohio-4135, ¶ 8 (6th Dist.). In other words, Dawn does not have any greater rights than a represented party and must bear the consequences of her mistakes. *HSBC Bank United States NA v. Beins*, 2014-Ohio-56, ¶ 8 (6th Dist.).

{¶ 20} Dawn's second, third, and fourth assignments of error are not well-taken.

### III. Conclusion

{¶ 21} Based on the foregoing, the September 17, 2025 judgments of the Lucas County Court of Common Pleas, Domestic Relations Division, are affirmed. Dawn is ordered to pay the costs of this appeal under App.R. 24.

Judgement affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

7.

Christine E. Mayle, J.

_____
JUDGE

Myron C. Duhart J.

_____
JUDGE

Charles E. Sulek, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.